No. 6.—BENJAMIN F. NEWSOM, plaintiff in error, vs. THE STATE
OF GEORGIA, defendant in error.

[1.] Under the 326th section of the 14th Division of the Penal Code, no entry of *nolle
prosequi* shall be made, after a case is submitted to a jury, except by the consent of
the defendant. A case is submitted when the prisoner has been arraigned—the plea
of not guilty filed—and the jury empanelled and sworn.

Indictment, and *nol. pros.* entered. Macon Superior Court.
Judge Warren presiding, October Term, 1846.

For the grounds of error, see the opinion of the Supreme Court.

MILLER for the plaintiff in error, while submitting his brief, was
stopped by the Court.

McCAY representing PATTERSON, Solicitor General for the State.

*By the Court*—NISBET, J. delivering the opinion.

The plaintiff in error was indicted in the Court below; he was
arraigned and plead not guilty, and a jury was impaneled and
sworn to try him.  The Solicitor General read the indictment to
the jury and opened the case to them, and then tendered the war-
rant by which the accused was arrested, which being upon
demurrer rejected, the State having no other testimony, the de-
fendant moved the Court that a verdict of not guilty be entered,
which was refused, and the Solicitor General was permitted by the
Court to enter a *nolle prosequi*, and the Jury was discharged.

The plaintiff in error now comes hither, and says the Court erred
in refusing the motion for a verdict of acquittal, and also in per-
mitting the bill of indictment to be *nol-prosed* without the consent
of the defendant.

This question is to be determined upon a construction of our
own statute.  In the 326th section of the 14th Division of the
Penal Code, it is enacted, that "no *nolle prosequi* shall be entered
on any bill of indictment after the case has been submitted to a
jury, except by the consent of the defendant." *Prince.* 661.

[1.] The question is, whether this case *was submitted* to the jury
in the sense of this Act, or not — if it was, then the Court erred in
permitting the *nolle prosequi* to be entered, the defendant not
consenting.  We think it was.

We think this statute was intended to restrict the large license which the Crown in England and the State here exercised, as to the right of dismissing prosecutions with a view to re-commencing under more favourable circumstances. Defective testimony, an unfavourable jury, prejudice, passion, almost any circumstance, was, for years in England, seized by the Crown as a pretext for *nol-prosing* indictments; and the subject was harassed, not unfrequently, with many and bitter persecutions; and often, when favourable opportunity offered, convicted, in despite of innocence. Originally we know, in England all the advantages were in favour of the Crown, and all the wrong and oppression upon the subject. Not so now, however; our Legislature has put the rights of the citizen in this regard beyond the caprice, or passion, or corruption of the State. It intended to provide, that when an indictment against a citizen was *submitted* to a jury, that he should then and there and by that jury be tried. The only thing for us to determine is, what is meant by submitting a case to a jury. If this case was *submitted*, then the *nolle prosequi* could not be entered without the consent of the defendant, and if it could not be so entered, then we hold the defendant had a right to have the case passed upon by the jury, and that the jury, in the absence of all evidence of guilt, would have been compelled to find a verdict of acquittal.

The idea of counsel for the defendant in eror, seems to be this : submission of a case to the jury, is an entire abandonment of it to them, which occurs only when the evidence has been concluded and the court has summed it up and given its charge and sent them out to find the issue. This construction would leave the defendant in a worse condition as to the right of the State to enter the *nolle prosequi*, than he was in before the statute, for according to this construction, the bill may be *nol-prosed* at any time before the jury is sent out. If left to a mere verbal criticism, we should say, that *submitting* is the act of presenting a case to the jury through the pleadings and evidence, and that the submission is as perfect when that process begins as when it concludes. The proceeding in England, upon trials for misdemeanors as well as for higher offences, seems to be as follows — The sheriff having returned into Court the panel of the jury, and the time for trial having arrived, the clerk *calls* the jury on their panel, enjoining them to answer to their names " upon pain and peril that shall fall thereon." 2 *Hale*, 293 ; *Bac. Abr. Juries F* ; 1 *Chitty Crim. Law*, 432. When

this is done the clerk of the arraigns calls upon the prisoner, inform-
ing him that the "*good men* he shall now hear called, are those
which are to pass" between himself and the King, and notifying
him at the same time, that if he has cause of challenge, he must
challenge them "as they come to the book to be sworn, and be-
fore they are sworn." 1 *Chitty Crim. Law*, 433.

This is the proper time to exercise the right of challenge, and
accordingly now follow the different forms of challenge. When
this is gone through with, the jury in the box and sworn—the
defendant having previously been arraigned and plead not guilty—
the clerk calls to the prisoner and bids him hold up his hand; he
then addresses the jury in these words: "Look upon the pris-
oner you that are sworn, and hearken to his cause." (He then
reads the indictment and proceeds as follows:) "Upon this indict-
ment he hath been arraigned, upon this arraignment he pleaded
not guilty, and for his trial hath put himself upon God and the
country, which country you are; so *that your charge is* to inquire
whether he be guilty of the offence whereof he stands indicted, or
not guilty," &c.

Now, this is what we understand by *charging* the jury with the
case, or *submitting the case in charge to the jury.* They are thus
charged to make inquiry into the truth of a fact alleged on one
side, and denied on the other, and all things being ready for the
trial, the clerk concludes·his charge to the jury with the words
"hear your evidence." 1 *Chitty Crim. Law*, 452. The crown
officer then opens the case with an address to the jury, and the
evidence is given. Now, in the judgment of this Court, when a
case is *given in charge to a jury* in England, *it is submitted to a
jury in Georgia.* Some of the mere formalities of submitting a
case in England, are not observed with us; yet the essential steps
in the progress to the submission are the same, to wit: the arraign-
ment, plea of not guilty entered, the impaneling and swear-
ing a jury. The formal charge of the clerk to the jury in our
practice is omitted. And when these things are done here, to wit:
the arraignment, the entering of the plea, the impaneling
and swearing — when the jury and the Court are ready to hear
the argument of counsel and the evidence, we think the case is
submitted. In the case before us, more than this was done, the
Solicitor General had opened the case, the indictment had been
read and evidence tendered. The case being in our opinion sub-
mitted, the Court could not order the bill to be *nol-prosed* without

the consent of the defendant.    What then was to be done with the case? we answer, the Court had no power to discharge the jury and put the defendant again upon trial, and there being, as the record shows, no evidence of guilt, the Court should have ordered a verdict of acquittal.

Let the judgment of the Court below be reversed.