THOMAS MANIGAULT, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where, upon an indictment for an assault with intent to murder, the defendant was found guilty of whipping his wife, the judgment should be arrested.

Criminal law. Arrest of judgment. Before Judge BART-LETT. Chatham Superior Court. May Term, 1874.

For the facts of this case, see the decision.

R. R. RICHARDS, by A. B. SMITH, for plaintiff in error.

ALBERT R. LAMAR, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "assault with intent to murder," and on the trial therefor the jury returned a verdict in the following words: "We, the jury, find the prisoner guilty of a misdemeanor in whipping his wife." The defendant made a motion, in arrest of judgment, on the ground that the verdict of the jury was for a different offense than that alleged in the indictment, and for a different kind of offense, and because it is nowhere alleged in the indictment that defendant ever assaulted or whipped his wife, or that he ever had a wife. The motion in arrest of judgment was overruled by the court, and the defendant excepted. It appears on the face of the record in this case, that the defendant was charged in the indictment with one offense and found guilty by the jury of another and distinct offense. Whipping a man's wife is made a separate and distinct offense by the Code: See section 4573. The verdict in this case affects the real merits of the offense charged in the indictment by ignoring that charge altogether, and finding the defendant guilty of a distinct offense with which he was not charged in the indictment, and had no notice to defend himself against it. If the defendant should be indicted for whipping his wife, this indictment

would be no bar to that, and therefore the judgment should have been arrested for the errors and defects apparent on the face of the record, upon which no legal judgment could have been rendered.

Let the judgment of the court below be reversed.