Bard *vs*. The State of Georgia.

---

JOHN BARD, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

1. Where a bill of indictment properly charges the defendant with an assault with intent to murder, and alleges such striking and wounding as would support a verdict for assault and battery, a verdict for an assault will be sustained, though the assault, as a separate offense, be not charged to have been *unlawfully* committed, and the judgment will not be arrested.
2. Taking the whole indictment together, the unlawfulness of the assault appears with sufficient legal certainty.

Criminal law. Indictment. Before Judge HOPKINS. Fulton Superior Court. April Term, 1875.

Reported in the opinion.

| 55 | 314 |
| 85 | 573 |
| 55 | 319 |
| 104 | 551 |
| 55 | 319 |
| 116 | 609 |
| 55 | 319 |
| 118 | 762 |

GARTRELL & STEPHENS; McCAY & TRIPPE; L. J. GLENN; HOWELL GLENN, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

JACKSON, Judge.

This was an indictment for an assault with intent to murder. The indictment charged that the defendant, John Bard, "with force and arms, and a knife, a weapon likely to produce death, in and upon one William A. Spencer, in the peace of the state, did make an assault with intent unlawfully to kill the said Spencer with malice aforethought, the said Bard then and there being a person of sound memory and discretion, and with said knife the said Bard did then and there unlawfully cut, stab and wound the said Spencer." The jury returned a verdict for an assault, and the defendant moved to arrest the judgment on the ground that the assault was not charged with sufficient certainty, and particularly that the assault was not charged to have been *unlawfully* done.

1. We think that if the indictment had closed with the words "did make an assault," it would have been a full description of that offense, under our Code. It was not necessary to aver that the assault was unlawful. But when the assault with intent to murder was so charged in the indictment as to have supported a verdict for that offense, had one been rendered, it is too well settled to admit of doubt that the verdict for the lesser offense of an assault will be sustained; and when the indictment further charges an unlawful cutting, stabbing and wounding with a knife, it makes that which was as clear as a sunbeam before still clearer, if it be possible.

2. If it be necessary to charge that the assault was unlawful, taking all the indictment together, it does charge it with certainty. The verdict of stabbing, of assault and battery, or of assault, either of them might have been rendered and would have been sustained by this indictment, and the motion to

arrest the judgment was properly overruled, and the judgment below is affirmed.

Judgment affirmed.