## FRANKLIN v. THE STATE.

That a *nolle prosequi* was entered without the prisoner's consent after issue was joined and the jury were sworn, will bar a subsequent indictment for the same assault with intent to murder, where the first indictment alleged that offence and was good and sufficient for a simple assault, even if not so for the aggravated assault charged. There can be no second jeopardy as to either grade of assault, and as the major includes the minor, the second indictment comprehends the same simple assault of which the accused was acquitted on the first indictment.

June 2, 1890.

Criminal law. Former jeopardy. Indictment. Before Judge FALLIGANT. Chatham superior court. December term, 1889.

Reported in the decision.

W. W. OSBORNE, by S. B. ADAMS, for plaintiff in error.

W. W. FRASER, solicitor-general, by brief, *contra.*

BLECKLEY, Chief Justice.

The constitution (Code, §5000) declares: "No person shall be put in jeopardy of life, or liberty, more than once for the same offence, save on his, or her, own

motion for a new trial after conviction, or in case of mistrial." Our statute law (Code, §4649) declares that " No *nolle prosequi* shall be entered on any bill of indictment after the case has been submitted to the jury, except by the consent of the defendant." That jeopardy begins when the jury are empanelled and sworn, is the rule recognized in Georgia. *Newsom* v. *State*, 2 *Ga.* 60; *Reynolds* v. *State*, 3 *Ga.* 53; *Nolan* v. *State*, 55 *Ga.* 521. And the same view is taken by the better authorities elsewhere. Bigelow on Estoppel, p. 89; 1 Herman on Estoppel and *Res Adjudicata*, §419. In this case, after not guilty was pleaded and the jury were sworn, and without the prisoner's consent, a *nolle prosequi* was entered on the first indictment. That indictment, after charging and accusing the plaintiff in error, Thomas Franklin, with the offence of assault with intent to murder, proceeded as follows: " For that the said Thomas Franklin, in the county of Chatham and State of Georgia aforesaid, on the 14th day of November, in the year of our Lord one thousand eight h· dred and eighty-nine, with force and arms, in and upon one Sol. Williams, in the peace of said State being, did unlawfully, wilfully, feloniously and of his malice aforethought, make an assault; and with a certain pistol loaded with gunpowder and leaden ball, said pistol so loaded being a weapon likely to produce death, in, at, towards and upon *him*, the said Thomas Franklin did unlawfully, wilfully, feloniously and of his malice aforethought discharge and shoot off, with the intent him the said Sol. Williams unlawfully, wilfully, feloniously and of his malice aforethought to kill and murder, contrary to the laws of said State, the good order, peace and dignity thereof." By the aid of punctuation and emphasis (which we supply), it will be seen that this indictment may be made consistent in all its parts, and a good indictment, not only for a simple assault, but for an

assault with intent to murder, by the use of a weapon likely to produce death. Without these aids, it would be ambiguous, and would doubtless be amenable to a special demurrer, but would not, we are inclined to believe, be so defective as to warrant an arrest of judgment, had the accused been found guilty upon it of the aggravated assault for which he was indicted. Bishop says : "The doctrine is general, that the court will consult sound sense, to the disregard of captious objections, in looking for the meaning of allegations in an indictment. Moreover, of two permissible constructions, it will adopt the one sustaining the proceeding." And again : " It ought not to be ambiguous ; and, if really equivocal, it will be inadequate. But, referring to a milder sort of ambiguity, Chitty observes, ' that, where a matter is capable of different meanings, that will be taken by the court which will support the proceedings, not that which would defeat them.' And ' it does not seem to clash with any rule of construction, applied even to criminal proceedings, to construe it in that sense in which the party framing the charge must be understood to have used it, if he intended his accusation to be consistent.' " 1 Bishop on Crim. Proced. §§356, 510. And the rule of our code is, that an indictment is sufficient which charges the offence in the language of the code, or so plainly that the nature of the offence charged may be easily understood by the jury. Code, §4628. Surely the jury might have understood from the language of this indictment, construed all together, that Thomas Franklin attempted to kill and murder Sol. Williams, not by shooting at himself, but by shooting at Sol. Williams. But be this as it may, the indictment certainly charges an assault by Franklin upon Williams, and, therefore, whether it be good for an aggravated assault or not, Franklin, under our law, could have been legally convicted upon it of a simple assault.

*Bard* v. *State*, 55 *Ga*. 319; *Rataree* v. *State*, 62 *Ga*. 245. Inasmuch, therefore, as the punishment for a simple assault may be imprisonment with or without labor (Code, §4358), the accused was undoubtedly put in jeopardy of his liberty by this first indictment. The second indictment is for the same aggravated assault intended to be alleged by the first, and therefore comprehends necessarily the offence of simple assault (Lumpkin, J., in *Jacobs* v. *State*, 20 *Ga*. 841), of which the accused might have been convicted on the first, and of which he has in effect been acquitted by the *nolle prosequi* entered without his consent. Should the second indictment be tried, he may be convicted thereon of a simple assault by exactly the same evidence which would have supported the first, and without that evidence he could not be convicted upon the second of any offence whatever. For the criminal transaction to which both relate is one and the same. In other words, to warrant any conviction whatever on the second indictment, it would be necessary to adduce as much evidence applicable to the first as would be requisite to support the first. This is the ordinary and generally recognized test of identity of the offence where former jeopardy or former conviction or acquittal is pleaded. *Roberts* v. *State*, 14 *Ga*. 8; 1 Herman on Est. and *Res Adj*. §422; 1 Wharton on Ev. §787; 2 Taylor on Ev. §1705 *et seq*. It is true that an assault with intent to murder is a statutory felony, and a bare assault is a misdemeanor; but where the same offence, in one grade or degree, is a felony, and a misdemeanor in another, there is with us no obstacle to convicting for the misdemeanor on the trial of an indictment for the felony. And the code (§4675) provides that "Upon the trial of an indictment for any offence, the jury may find the accused not guilty of the offence charged in the indictment, but guilty of an attempt to

commit such an offence, without any special count in said indictment for such attempt, provided the evidence before them will warrant such finding." In view of this provision, it is certain that after trial for any offence, whether a felony or a misdemeanor, and complete acquittal, there could be no subsequent indictment for an attempt; and in view of the rule against a second jeopardy, it seems to us scarcely less certain that after acquittal or conviction on an indictment for attempt, there could be no subsequent indictment for the offence itself. According to sound principle and the weight of sound authority, not only where two indictments each contains all the necessary constituents of a compound offence, such as an aggravated assault, or an assault and battery, but where one contains them all and the other enough of them to constitute a minor offence, a conviction or acquittal upon either indictment will, under the strict rule of former jeopardy, bar the other, provided that, by the law of the forum, a conviction for the minor offence may be had upon an indictment for the major. Plural jeopardy as to the minor is no less obnoxious than like jeopardy as to the major. State v. Chaffin, 2 Swan, 493; State v. Lockrin, 59 Vt. 654; State v. Ingalls, 2 Haywood (N. C.), 4; State v. Shepard, 7 Conn. 54; State v. Smith, 43 Vt. 324; Mitchell v. State, 42 Ohio St. 383; State v. Stanly, 4 Jones' Law, 290; Dinkey v. Commonwealth, 17 Pa. St. 126; Fox v. State (Ark.), 8 S. W. Rep. 836; 1 Archb. Crim. Pr. & Pl. by Pomeroy (8th edition), 338 et seq.; 1 Wharton Am. Crim. L. §§563, 565; 2 Taylor on Ev. §1708 et seq.; 1 Bishop Crim. L. §§1057, 1058. Bishop's language is as follows, and seems decisive of the question: "Where the conviction or acquittal is upon an indictment covering no more than one of the smaller crimes, included, as before mentioned, within a larger,—will it bar fresh proceedings for the larger? If it will not,

then the prosecutor may begin with the smallest, and obtain successive convictions ending with the largest; while, if he had begun with the largest, he must there stop,—a conclusion repugnant to sound sense. Besides, as a larger includes a smaller, it is impossible one should be convicted of the larger without being also convicted of the smaller; and thus, if he has been found guilty or not guilty of the smaller, he is, when on trial for the larger, in jeopardy a second time for the same, namely, the smaller offence. Some apparent authority, therefore, English and American, that a jeopardy for the less will not bar an indictment for the greater, must be deemed unsound in principle. And, even in authority, the doctrine which holds it to be a bar is sufficiently established in general."  " A person convicted of an assault only is protected thereby from prosecution for the battery; because, said Totten, J., ' the one is a necessary part of the other; and, if he be now punished for the battery, he will thereby be twice punished for the assault.'  And, according to the general and better doctrine, a conviction or acquittal of a common assault will bar proceedings for an assault with intent to do great bodily harm, and other assaults aggravated in like manner."  In Dinkey v. Commonwealth, supra, Black, C. J. (the great Jeremiah S. Black, of Pennsylvania), said: "The right not to be put in jeopardy a second time for the same cause is as sacred as the right of trial by jury, and is guarded with as much care by the common law and by the constitution."  A faithful guardianship of this sacred right constrains us (reluctant though we are to do so in view of the facts of this special case, the miscarriage of justice being apparently due to a mere slip or accident) to hold that the plea of former jeopardy was a good and sufficient answer to the second indictment, and that the court erred in overruling the same.

*Judgment reversed.*