WATER POWER & MINING CO. *v.* ARNOLD, *et vice versa.*

1. The provision in the constitution of 1877 (art. 6, sec. 2, par. 6; Civil Code of 1910, § 6503), which requires the Supreme Court to "dispose of every case at the first or second term after such writ of error is brought," or an affirmance by operation of law, is to be construed in connection with the amendment to the constitution (Acts 1916, p. 19) which provides: "Any case carried to the Supreme Court or to the Court of Appeals, which belongs to the class of which the other court has jurisdiction, shall, until otherwise provided by law, be transferred to the other court under such rules as the Supreme Court may prescribe,

and the cases so transferred shall be heard and determined by the court which has jurisdiction thereof."

(*a*) Under the amendment of 1916 (Acts 1916, p. 19) the Supreme Court has jurisdiction to determine the jurisdiction of a particular case and to order its transfer to the court having jurisdiction of the case.

(*b*) The amendment contemplates the reception of a writ of error by the Court of Appeals, whether in due course or by transmission from the Supreme Court; and a writ of error in a case carried to the Supreme Court, which belongs to the class of cases of which the Court of Appeals, under the constitution, has jurisdiction, is not brought to the Court of Appeals until the Supreme Court has determined the question of jurisdiction and has ordered a transfer of the case.

(*c*) Accordingly, where a writ of error was properly brought to the October term, 1916, of the Supreme Court, and, after the ratification of the constitutional amendment of 1916, argument was heard in this court upon the question of jurisdiction, and the Supreme Court reserved its decision until the March term, 1917, when it decided that the Court of Appeals had jurisdiction and ordered the transfer of the case, and the case was duly transmitted to the Court of Appeals, and duly entered on the docket of the October term, 1917, of that court (the Court of Appeals having, by order, closed its docket for the March term, 1917, prior to the order of transfer), the Court of Appeals had until the end of the March term, 1918, in which to dispose of the case. Therefore it was not erroneous to refuse to strike the case from the docket and to enter a judgment of affirmance.

2. The judgment of the Court of Appeals on the merits of the case is affirmed.

No. 1097. MAY 14, 1919.

Certiorari; from Court of Appeals. *22 Ga. App.* 504.

The Water Power and Mining Company of Georgia, a corporation, sued out a dispossessory warrant against Arnold, for the purpose of evicting him as a tenant holding over. Arnold filed a counter-affidavit, in which he denied the tenancy, but asserted that he was in possession of the premises in his own right. By amendment he averred that he had acquired the title from the mining company after the creation of the tenancy, and that he was the holder of a perfect equitable title to the premises. The issue thus made was heard and determined at the October term, 1916, of Lumpkin superior court, to which the warrant and counter-affidavit had been returned. The court directed a verdict for the plaintiff. Arnold filed a direct bill of exceptions, which was certified by the trial judge on October 31, 1916. The mining company filed a cross-bill of exceptions, assigning error on the order of the court in allowing an amendment to the counter-affidavit, and on

the judgment overruling his demurrer to the counter-affidavit as amended. The writ of error was filed in the Supreme Court on November 2, 1916, and docketed to the October term, 1916, of that court. The constitutional amendment fixing the jurisdiction of the Supreme Court (Acts 1916, p. 19) was ratified at the election held on November 7, 1916, and the Governor issued his proclamation on December 15, 1916. On the last-mentioned date the Supreme Court, by order, required counsel in certain cases pending in this court to show cause, on or before December 27, 1916, why the said cases should not be transferred to the Court of Appeals. The order recited that "upon examination the cases hereinafter listed appear to be transferable to the Court of Appeals." This case was among the cases so listed. Arnold filed objection to the transfer of the case to the Court of Appeals, and upon this objection the Supreme Court heard argument. During the March term, 1917, and on June 14, 1917, the Supreme Court decided that the Court of Appeals had jurisdiction of the case, and that the Supreme Court had no jurisdiction, and directed the transfer of the case to the former court. *Arnold* v. *Water Power and Mining Co.,* 147 *Ga.* 91 (92 S. E. 889). Accordingly, the case was transferred to the Court of Appeals under date of June 14, 1917. The docket of the March term, 1917, of the Court of Appeals having, by order of that court, been closed prior to the date of its transmission, the case was docketed to the October term, 1917, of the Court of Appeals. It was heard in the Court of Appeals during the October term, 1917. On the call of the case for argument in the Court of Appeals, the mining company filed a motion to strike the case from the docket, and to enter a judgment of affirmance, upon the ground that the writ of error having been brought to the October term, 1916, of the Supreme Court, and the case not having been finally disposed of at either the first or the second term thereafter, the judgment of the court below was affirmed by operation of law. The Court of Appeals rendered a decision in the case during the March term, 1918, holding, in effect, that the motion to strike the case from the docket was without merit; that the trial court did not err in overruling the demurrer to the defendant's plea; and that the court erred in directing a verdict for the plaintiff. 22 *Ga. App.* 504 (96 S. E. 343). Upon the application of the mining

company, the Supreme Court granted the writ of certiorari to review the judgment of the Court of Appeals.

*W. A. Charters* and *O. J. Lilly,* for plaintiff.

*H. H. Perry* and *R. H. Baker,* for defendant.

GEORGE, J.  The statement that the docket of the March term, 1917, of the Court of Appeals had, by order of the Judges, been closed prior to June 14, 1917, the date on which the record was actually transmitted to the Court of Appeals, is justified. In paragraph 9 of section 2 of article 6 of the constitution this provision is found: "All writs of error in the Court of Appeals, when received by its clerk during a term of the court and before the docket of the term is by order of the court closed, shall be entered thereon, and when received at any other time shall be entered on the docket of the next term, and they shall stand for hearing at the term for which they are so entered, under such rules as the court may prescribe, until otherwise provided by law." The clerk of the Court of Appeals entered the case on the docket of the October term, 1917. In the first reported decision of the Supreme Court after its organization, it was ruled that "the court will presume in favor of public officers, in the absence of all proof to the contrary, that they discharged their duty in compliance with the law." *Truluck* v. *Peeples,* 1 *Ga.* 1(2).

Section 1, article 3, of the constitution of 1798 provided in part as follows: "The judicial powers of this State shall be vested in a superior court, and in such inferior jurisdictions as the legislature shall, from time to time, ordain and establish." By an amendment proposed in an act assented to in December, 1834 (Acts 1834, p. 66), and confirmed by an act assented to December 22, 1835 (Acts 1835, p. 49), the first section of the third article of that constitution was amended by repealing a part of the section and adopting in part the following in lieu thereof: "The judicial powers of this State shall be vested in a Supreme Court for the correction of errors, a Superior, Inferior, and Justices' Courts, and in such other courts as the Legislature shall from time to time ordain and establish." The amendment referred to provided for the election by the legislature of three Judges for the Supreme Court, and among other things declared that the court "shall sit at least once a year, at a time to be prescribed by law, in each of five judicial districts to be hereafter laid off and designated by the legislature for that

purpose, at the most central point in such judicial district, or at such other point in each district as shall by the General Assembly be ordained for the trial and determination of writs of error from the several Superior Courts included in such judicial districts." It further provided: "And the said court shall at each session in each district dispose of and finally determine each and every case on the docket of such court at the first term after such writ of error brought; and in case the plaintiff in error in any such case shall not be prepared at such first term of such court after error brought to prosecute the same, unless precluded by some providential cause from such prosecution, it shall be stricken from the docket, and the judgment below shall stand affirmed." By an act approved December 10, 1845 (Acts 1845, p. 18), the legislature carried into effect the first section of the third article of the constitution, by establishing "a court for the correction of errors, to be called the Supreme Court of the State of Georgia." By section 4 of that act it was provided: "The Supreme Court shall hear and determine, at the first term of each court, all such cases in law and equity as may be brought from any of the Superior Courts of this State, within the district as created by this act, for which said Supreme Court is holden." The fifth section of that act declared that "the Supreme Court shall proceed at the first term (unless prevented by providential cause) to hear and determine each and every cause which may in manner aforesaid be sent up from the court below. . ." By paragraph 4 of section 1 of article 4 of the constitution of 1861 the Supreme Court was required to "dispose of and finally determine every case on the docket of such Court at the first or second term after such writ of error brought; and in case the plaintiff in error shall not be prepared, at the first term of such court after error brought, to prosecute the case, unless precluded by some providential cause from such prosecution, it shall be stricken from the docket, and the judgment below shall stand affirmed." By the constitution of 1865 the several judicial districts of the State were abolished, and the court was required to sit "at the seat of government." at such time in each year as the General Assembly should prescribe. Code of 1868, § 4961 et seq. Paragraph 4 of section 1 of article 4 of the constitution of 1861 was carried forward into the constitution of 1865, with this additional provision: "And in any case that may occur, the court may,

in its discretion, withhold its judgment until the term next after the argument thereon." This provision, in substantially the same language, is contained in the constitutions of 1868 and 1877. Since 1885 the terms of the Supreme Court have been fixed to begin on the first Monday in March and on the first Monday in October in each year. Acts 1884-1885, p. 45; Civil Code of 1910, § 6099.

That the provision in our present constitution (Civil Code of 1910, § 6503) which requires a final disposition of every case at the first or second term "after such writ of error is brought," or an affirmance by operation of law, as a penalty, was not intended to correct an evil already existing, is apparent from the foregoing. Its true intent and purpose was to prevent an evil which existed even in England before our Supreme Court was established. This provision of our constitution was intended to prevent two things: first, a delay by the prosecuting litigant of his case, and second, a delay by the court in determining the question involved. No just law, statutory or organic, may penalize a litigant for failure of the law or its agents. In the case at bar everything that has worked a delay, save one, is due to the act of the law or its agents. At the October term, 1916, of the Supreme Court the prosecuting litigant filed objection to the transfer of the case to the Court of Appeals. It can not be left out of view that the constitutional amendment of 1916 worked a radical change in the fundamental law of the State; and the litigant can, upon no just ground, be penalized on account of the objection made to the transfer of his case, an objection which this court, impliedly at least, invited him to make. Frequently no question is more difficult of solution than that of jurisdiction in a particular case. The fault, therefore, if fault there be, is not the litigant's. But it is said that the constitutional provision is imperative. The statement is in entire consonance with the decisions by this court so construing it. But the constitutional amendment of 1916 provides: "Any case carried to the Supreme Court or to the Court of Appeals, which belongs to the class of which the other court has jurisdiction, shall, until otherwise provided by law, be transferred to the other court under such rules as the Supreme Court may prescribe, and the case so transferred shall be heard and determined by the court which has jurisdiction thereof." Acts 1916, p. 19. The legislature not having

"otherwise provided by law," the Supreme Court, on December 15, 1916, passed what may be termed a tentative order of transfer. The case at bar was affected by that order. The case, prior to the adoption of the constitutional amendment, was properly in the Supreme Court. Under the rule adopted by the Supreme Court, the rule of the case it is true, this case was finally, on June 14, 1917, transferred to the Court of Appeals. That court, under the express authority of the constitution, had closed its docket. Acts 1916, pp. 19, 21. Even in the absence of express provision, that court had control over its dockets. *Temple Baptist Church* v. *Georgia Terminal Co.*, 128 *Ga.* 669 (58 S. E. 157). That the amendment of 1916 fixing the jurisdiction of the Supreme Court and of the Court of Appeals affected pending cases is not open to question. "Where a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law." *Griffin* v. *Sisson,* 146 *Ga.* 661(2), 665 (92 S. E. 278).

The writ of error, therefore, was preserved solely by the provision in the constitutional amendment of 1916, providing for the transfer of any case in the Supreme Court or Court of Appeals of which the other court has jurisdiction. It is said with much force that this provision for the transfer of pending cases, or cases thereafter brought, has not the effect of extending the time imperatively fixed by the constitution for the final disposition of the case. But the provision in the constitutional amendment requiring the transfer of this case is equally imperative. The writ of error was properly brought to this court. While the jurisdiction was not suspended, the case could not be transferred except under the rules prescribed by the Supreme Court; and we therefore conclude that the case was not in the Court of Appeals until it had been sent there by order of this court. The provision in our constitution which requires a final disposition of every case at the first or second term, or an affirmance by operation of law, must be construed in connection with the imperative provision of the amendment that "any case carried to the Supreme Court or to the Court of Appeals, which belongs to the class of which the other court has jurisdiction, shall . . be transferred to the other court under such rules as the Supreme Court may prescribe, and the cases so transferred shall be heard and determined by the court which has jurisdiction thereof." The constitutional amendment of 1916 clearly

8

contemplates the reception of a writ of error by the Court of Appeals, whether in due course or by transmission from the Supreme Court, and the case "so transferred shall be heard and determined" by that court. Thus construed, the Court of Appeals rightly declined to strike the case from its docket and to enter a judgment of affirmance.

2. Upon the merits of the case the judgment of the Court of Appeals is also

*Affirmed. All the Justices concur.*