### 13529.　HAMMOND *v.* THE STATE.

1. Where an indictment charges that the accused did " unlawfully whip and beat " his wife, a verdict supported by evidence is not contrary to law " for the reason that a man cannot be convicted of an assault and battery on his wife."

2. This court cannot consider the grounds of the petition for certiorari in which it is alleged that the court erred in the admission of certain evidence, because these grounds do not show that the objections stated in them were the same objections made and urged when the evidence was offered. *Jenkins* v. *Jenkins,* 150 *Ga.* 77 (102 S. E. 425). It is not sufficient to state simply that the court erred in the admission of evidence. " Such language as to a contention when the motion for new trial was made does not show that the objection was made to the evidence when offered on ·the ground stated or on any other ground." *Whiddon* v. *Salter,* 144 *Ga.* 77 (2) (86 S. E. 243). Moreover, the answer of the judge of the county court of Putnam shows that there is no merit in these grounds of the motion for a new trial.

3. The act of 1911 (Ga. L. 1911, p. 149, Park's Penal Code, § 1011 (a) ) expressly provides that no judge of the superior court shall sustain a writ of certiorari on the ground that the venue was not proved, unless there is in the petition for the writ a distinct allegation of failure to prove venue, and an assignment of error thereon. The petition in this case contains no such allegation or assignment. *Marshman* v. *State,* 138 *Ga.* 864 (2) (76 S. E. 572); *Palmer* v. *State,* 19 *Ga. App.* 752 (92 S. E. 233).

4. The court did not err in overruling the petition for certiorari.

DECIDED JUNE 14, 1922.

Certiorari; from Putnam superior court — Judge Park. March 20, 1922.

*R. C. Jenkins,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.

BLOODWORTH, J. Only the first headnote needs elaboration. The accusation charged " the offense of misdemeanor," for that the accused did " in the county and State aforesaid, with force and arms and unlawfully, make an assault upon Annie Hammond, his wife, with a certain chair, and her, the said Annie Hammond, did then and there unlawfully whip and beat with said chair." This accusation is broad enough to cover a charge either of " assault and

battery" or of "wife beating." It embodies all the essential ele-ments of each of these offenses. "Battery is the unlawful beating of another." "If a man shall whip, beat, or otherwise cruelly mal-treat his wife, he shall be guilty of a misdemeanor." Penal Code (1910), §§ 102, 104. There is evidence to support the allegation that the accused beat his wife with a chair; and the verdict is not contrary to law "for the reason that a man cannot be convicted of an assault. and battery on his wife." The case of *Manigault* v. *State,* 53 *Ga.* 113, relied upon by counsel for plaintiff in error, is easily differentiated from this case. In that case the accused was indicted for assault with intent to murder, and the jury returned a verdict of "whipping his wife," and the Supreme Court held this verdict illegal, "because it is nowhere alleged in the indictment that the defendant ever assaulted or whipped his wife, or that he ever had a wife;" the crime of which the accused was convicted was not "embraced within the terms of the indictment." It is an elementary principle of criminal procedure that no person can be convicted of any offense not charged in the indictment or ac-cusation. Had the offense of wife beating been alleged in the in-dictment against Manigault, the verdict would have been legal. *Clark* v. *State,* 12 *Ga.* 350; *Bard* v. *State,* 55 *Ga.* 319.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*