13530. HOWELL *v.* THE STATE.

BROYLES, C. J. 1. " The ruling in *Water Power & Mining Co.* v. *Arnold,* 149 *Ga.* 107 (99 S. E. 382), (which was a case properly brought to the Supreme Court and pending in that court at the time of the adoption of the constitutional amendment of 1916), that ' a writ of error in a case carried to the Supreme Court, which belongs to the class of cases of which the Court of Appeals, under the constitution, has jurisdiction, is not brought to the Court of Appeals until the Supreme Court has determined the question of jurisdiction and has ordered a transfer of the case,' is applicable to cases now brought to the reviewing courts, where, by the act of the plaintiff in error, the bill of exceptions is directed and sent to the court which is without jurisdiction to entertain the case.

" (*a*) The above ruling is applicable where the case is one which belongs to the class of cases of which the Court of Appeals, under the present constitution, has jurisdiction, and is through the fault of the plaintiff in error carried to the Supreme Court and is transferred by that court

to the Court of Appeals after the close of the term of the latter court during which the bill of exceptions was filed in the Supreme Court, and the hearing of the case by that court at the 'first term' after the case was filed in the Supreme Court is thereby prevented. Such a case is not 'brought to the Court of Appeals' until the Supreme Court has determined the question of jurisdiction and has ordered the transfer of the case.

" (b) The provision of the constitution (Civil Code of 1910, § 6503) as to the time within which cases brought to the Supreme Court should be heard, which is also applicable to the Court of Appeals, must be construed in connection with the amendment to the constitution of 1916 in regard to the transfer of cases from the Supreme Court to the Court of Appeals and vice versa, as construed in *Water Power & Mining Co.* v. *Arnold,* just quoted." *Howell* v. *State,* 154 *Ga.* 424 (114 S. E. 527).

2. Where one is prosecuted for the offense of knowingly having on his premises an apparatus for the distilling or manufacturing of intoxicating liquors, no locality except venue need be charged. In the instant case it was alleged in the indictment that the land of the accused, upon which it was charged the distilling apparatus was located, was " in the 1169th Dist., G. M., of said county " (Glascock county, Georgia). As it was only necessary to charge that the land was in Glascock county, Georgia, the further allegation, that it was " in the 1169th Dist., G. M.," of that county, was mere surplusage and not descriptive of any material element of the crime, and, therefore, it was not incumbent upon the State to prove it. " This case does not come within the rule that an immaterial description of a material fact must be proved, but, place being unimportant, it was rather an instance of an immaterial description of an immaterial fact." See *Hall* v. *State,* 120 *Ga.* 142, 144 (47 S. E. 519).

3. Upon the trial of a criminal case evidence submitted by the State is not inadmissible because it was obtained by an unlawful search and seizure of the defendant's person or premises. *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893); *Johnson* v. *State,* 152 *Ga.* 271 (109 S. E. 662). Under this ruling the court did not err in admitting the evidence as complained of in the motion for a new trial.

4. The evidence amply authorized the verdict, and the overruling of the motion for a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 14, 1922.

Indictment for misdemeanor; from Glascock superior court — Judge Shurley. September 26, 1921.

*L. D. McGregor,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.