DECIDED JANUARY 12, 1926.

Indictment for burglary; from Chatham superior court—Judge Meldrim. October 5, 1925.

*Shelby Myrick,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

---

16976. MIXON v. THE STATE.

BLOODWORTH, J. 1. The accusation alleged that the defendant "did wilfully and voluntarily abandon his minor child, Donald Mixon, age 13 months, leaving it in a destitute and dependent condition." The court did not err in refusing to allow the mother of the child alleged to have been abandoned to answer the question, "You have filed a suit for divorce and alimony in the superior court in behalf of yourself and child, haven't you?" Nor did the court err. in refusing to allow the grandfather of the child to testify in answer to the question, "Isn't your daughter suing her husband for divorce and alimony for herself and child?"

2. Even should we concede that the court erred in refusing to allow the witness to answer the question set out in the 3d ground of the amendment (filed September 11, 1925) to the motion for a new trial, the error was harmless, in view of the judge's note qualifying this ground as follows: "As to third ground of amended motion the court permitted the question on cross-examination set forth therein, as will be seen from answer in brief of evidence."

3. Under the qualifying note of the judge there is no merit in ground 5 of the amendment (filed September 11, 1925) to the motion for a new trial.

4. "Under section 114 of the Penal Code of 1895, as amended by the Act of 1907 (Acts 1907, p. 57), the offense of the father in abandoning his child is fully consummated if he abandons it in a dependent condition. Before this section was amended the offense was not complete unless the father left the child both dependent and destitute. An allegation in the indictment that the child was abandoned in a destitute condition is surplusage, and need not be proved, it being sufficient to allege and prove that the father abandoned his child and left it dependent. *Cleveland* v. *State,* 7 *Ga. App.* 622 (67 S. E. 696)." *Daniels* v. *State,* 8 *Ga. App.* 469 (1) (69 S. E. 588). Under the foregoing ruling there is no merit in the special ground of the motion for a new trial which was filed September 14, 1925.

5. Where counsel for the defendant in a criminal case presented to the judge who tried the case a motion for a new trial, and where the attorney representing the State objected to certain of the grounds of the motion "for the reason that said grounds did not accurately state what occurred upon the trial," and the judge agreed with State's counsel and

so amended said grounds that they "would conform to the facts as to what did occur upon the trial," it was not error for the judge, "after a certificate and approval had already been signed by the court," to refuse to allow the movant to "bring witnesses who heard the trial of the case to refresh the memory of the court," the judge stating that he remembered what had occurred upon the trial of the case.

6. There was evidence to support the finding of the jury.

<em>Judgment affirmed. Broyles, C. J., and Luke, J., concur.</em>

DECIDED JANUARY 12, 1926.

Conviction of abandonment of child; from city court of Floyd county—Judge Bale. September 19, 1925.

*James Maddox,* for plaintiff in error.

*Alec Harris, solicitor,* contra.