## 22121. VINSON *v.* THE STATE.

DECIDED APRIL 30, 1932.

*F. Joe Turner Jr.,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

LUKE, J. The defendant was jointly indicted with Olin Smith for robbery, and was convicted, and he excepts to the overruling of his motion for a new trial. The evidence shows that some of the victims of the robbery identified the defendant, identified the tag-number of the car the defendant was using at the time of the robbery, and testified that the defendant committed the crime; and two officers testified that the defendant confessed to the crime.

Special grounds 1, 2, 3, and 4 of the motion for a new trial, relative to the year the crime was committed, are abandoned by plaintiff in error.

1. Special grounds 5, 6, and 7 of the motion allege that the court erred in permitting the State to introduce in evidence an indictment accusing this defendant and Olin Smith jointly with the theft of a Ford sedan, on the back of which indictment appeared a plea of guilty of this defendant and Olin Smith. While Olin Smith was jointly indicted with this defendant for the alleged robbery in this case, he was not tried with this defendant, and was a witness for this defendant, and the indictment objected to was introduced by the State as tending to show bad character of Olin Smith and impeach him. "Where it is material to prove that a witness has been convicted of an offense, the best evidence of that fact is the record of the conviction." *Swain* v. *State,* 151 *Ga.* 376 (4). A note of the trial judge attached to the motion for a new trial shows that he specifically instructed the jury "that the court admitted that indictment solely for the purpose of going to you for your consideration on the question of impeachment of Olin Smith, and although the name of Bill Vinson appears on that indictment,

that should not influence your judgment or consideration of this case so far as it affects Bill Vinson by reason of his name being on that indictment whatsoever." The only harm that could have accrued to the defendant would be to prejudice the jury against the defendant by letting them know that he had stolen an automobile; and both he and his witness Olin Smith admitted this on the stand. Olin Smith testified: "We [witness and defendant] stole the Ford sedan," and the defendant in his statement said: "We stole this other Ford sedan." With this evidence before the jury, the admission of the indictment, even if erroneous, was harmless.

2. The evidence authorized the verdict; no reversible error of law is shown; and the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Jenkins, P. J., concur.*