## 29092. BARBOUR *v.* THE STATE.

DECIDED NOVEMBER 29, 1941. REHEARING DENIED DECEMBER 16, 1941.

*S. M. Matthews, A. Melrose Lamar,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

BROYLES, C. J. The accused was tried on an indictment which alleged that he had sold thirty bales of "upland short-staple cotton," which he had grown in 1938 on certain described lands which he had rented from Atlanta Joint Stock Land Bank, without the consent of said landlord, and before payment of the agreed rent to the landlord, and with the intent to defraud the landlord, the landlord having a lien for rent on said cotton, and that said sale caused loss to the landlord in the sum of $1117.43. The first trial resulted in a mistrial, the jury failing to agree on a verdict. On the trial now under review the jury returned a verdict of guilty, the motion for new trial was overruled and that judgment is assigned as error. The writ of error also contains exceptions to certain interlocutory rulings of the court, which exceptions were preserved by exceptions pendente lite. The defendant contends, among other things, that the State failed to prove that the cotton referred to in the indictment was grown on the described rented lands, that it also failed to prove that the cotton sold was "upland short staple" as alleged in the indictment, and that it

failed to prove that the landlord had a lien on said cotton, or that the cotton was sold without the consent of the landlord. A reading of the voluminous brief of evidence convinces us that the evidence, direct and circumstantial, while conflicting in some respects, authorized the jury to find that the cotton was grown on the lands described in the indictment, that the landlord had a lien for rent on the cotton, and that it was sold by the defendant without the consent, express or implied, of the landlord, with the intent to defraud the landlord and that the sale caused a loss to the landlord. Moreover, the defendant, in his statement to the jury, virtually admitted that the cotton sold by him was grown on said rented premises. He did not deny that it was so grown, but stated merely that it was sold with the consent of the landlord. In that statement he based his defense solely on the ground that the landlord acquiesced in the sale. We think the jury were authorized to find that his statement amounted to an implied admission that the cotton sold by him was grown on the land described in the indictment. It is well settled that the statement of a defendant to a jury is a statement made in judicio and is binding on him. Where the defendant makes an admission of a fact in his statement, such admission is direct evidence, and the State need not prove such fact by any other evidence. *Dumas* v. *State,* 62 *Ga.* 58 (3) ; *McCoy* v. *State,* 124 *Ga.* 218 (3) (52 S. E. 434) ; *Vinson* v. *State,* 45 *Ga. App.* 219 (164 S. E. 208).

It is true that the State offered no evidence to support the allegation of the indictment that the cotton sold by the defendant was "upland short-staple cotton." Of course it was unnecessary to so describe in the indictment the cotton sold. All that was necessary was to charge that the accused sold thirty bales of cotton grown on the rented land, the sale being without the landlord's consent, and before paying the agreed rent for the premises, and with the intent to defraud the landlord, thereby causing a loss to the landlord. In an indictment for such an offense it is sufficient to describe the crops sold in the most general terms, and a more particular description is mere surplusage and need not be proved. See, in this connection, *Holt* v. *State,* 5 *Ga. App.* 184 (62 S. E. 992). This class of cases is distinguished from larcenies and like cases where it is necessary to specifically describe the property alleged to have been stolen, so that the defendant will be able to

prepare his defense and to prevent him from being again tried for the same crime. Here, it was unnecessary to identify any particular kind of cotton. The cotton in question was grown by the defendant, he knew what variety of cotton it was, and a failure to charge the variety could not have prevented him from preparing his defense. Nor could the failure to so charge subject him to another trial for the same offense. The indictment described the rented land, the rental contract, the year in which the cotton was grown and sold, and it is unthinkable that the accused could be prosecuted in another case for unlawfully selling cotton grown on that land and in that year. And even in a larceny case it has been held that "In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved." *Hall* v. *State,* 120 *Ga.* 142 (47 S. E. 519). See also *Jackson* v. *State,* 159 *Ga.* 133 (124 S. E. 874); *Berrien* v. *State,* 156 *Ga.* 380 (6) (119 S. E. 300), and cit.; *Moore* v. *State,* 25 *Ga. App.* 251 (2) (102 S. E. 916); *Howell* v. *State,* 29 *Ga. App.* 174 (2) (114 S. E. 717); *Mixon* v. *State,* 34 *Ga. App.* 782 (4) (131 S. E. 367). We hold that the particular description in the indictment of the cotton was mere surplusage and did not have to be proved by the evidence. A careful study of the brief of evidence satisfies us that the verdict was authorized by the evidence.

Two special assignments of error complain of the refusal of the court to grant two motions for a mistrial. The first motion was based upon the ruling of the judge allowing the solicitor-general "to propound to the jury, impaneled and put upon movant, questions in addition to the voir dire questions prescribed by law in criminal cases." The additional questions are set forth in the ground of the motion for new trial complaining of said ruling. The second motion for a mistrial was based upon certain alleged improper and prejudicial remarks made by the judge "before certain members of the jury." The remarks are set forth in the ground of the motion complaining of the remarks. Conceding, but not deciding, that the judge erred in his ruling in the first instance, and that in the second instance his remarks were improper and prejudicial, a motion for mistrial was not the proper procedure in either instance. The time is not ripe for such a motion until the trial of the case has begun, and the trial does not

begin until the jury has been impaneled and sworn. Before that has been done the defendant in a criminal case is not in jeopardy. The indictment may even be dismissed by the solicitor-general without the consent of the defendant after his plea has been entered and before the jury has been impaneled and sworn. *Newsom* v. *State,* 2 *Ga.* 60; *Reynolds* v. *State,* 3 *Ga.* 53 (2); *Nolan* v. *State,* 55 *Ga.* 521 (21 Am. R. 281); *Doyal* v. *State,* 70 *Ga.* 134 (3), 145; *Franklin* v. *State,* 85 *Ga.* 570 (11 S. E. 876). In the instant case the record shows that the motions for a mistrial were made before the jury had been impaneled and sworn. Therefore the judge did not err in overruling the motions.

Special ground 4 sets forth the following complaint: "On direct examination, J. B. Jenkins, prosecutor in the case, testifying for the State, was asked the following question: 'Did you ever consent, for the bank, to the sale of these crops?' A. 'No, sir.'" The testimony was objected to on the ground that "it is a conclusion of the witness. He can state what he did." The court admitted the testimony. We see no error in the ruling. The question was not objected to as leading the witness, and it does not appear that the answer was a mere conclusion of the witness. His statement that he never consented to the sale of the crops was the statement of a fact. Of course the witness may have been mistaken about the fact having occurred, or may have testified falsely, but that was a matter for cross-examination or for impeachment of the witness by the introduction of evidence contradicting his statement.

Ground 5 complains of the admission in evidence of the statement of a witness for the State that he purchased from the defendant in the fall of 1938, 415 pounds of lint cotton and 590 pounds of seed cotton. The witness, who was engaged in the cotton warehouse business, identified a warehouse receipt covering the purchase of said cotton and the receipt was admitted in evidence over the objection of the defendant. The ground alleges that the witness "did not identify the cotton purchased as short staple or long staple, upland or lowland, or otherwise, merely describing it as 'cotton.' The witness did not testify where the cotton was grown, when it was grown, how movant acquired it, or that Atlanta Joint Stock Land Bank held a lien on it or any portion of it." In view of our preceding rulings on the general grounds of

the motion, this special ground is without merit. Special grounds 6 and 7, complaining respectively of the admission of certain evidence, are controlled in principle by our ruling on ground 5, and show no cause for a reversal of the judgment.

Ground 8 assigns error on the introduction in evidence of certain ledger sheets and deposit slips of two accounts carried in the Bank of Fort Valley. One account was in the name of movant and the other was in the name of his wife, Mrs. Georgia Barbour. The ground alleges that the ledger sheet of movant's account showed total deposits of $1259.45. The deposit opening the account, on May 23, 1938, was $343.41, and the account was closed on September 29, 1938, by a check for $583.10, which sum was deposited on that day to the account of his wife. The ledger sheet of her account showed that it was balanced, with no sum to her credit, on August 9, 1937 (1938?), when it was revived by a deposit of $253.39. After that date no further deposit was made until September 16, 1938. From the latter date to October 27, 1938, exclusive of the sum of $583.10 from movant's account deposited to his wife's account, deposits totaling $1295.22 were made to her account, making a gross total of deposits thereto during said period of $1878.32. The account was closed October 27, 1938, by a check for $25. The ground contains the further allegations: W. H. Parker, a witness for the State, produced certain deposit slips which he testified represented the initial record of various deposits made to each of said accounts while he was acting as assistant cashier of the Bank of Fort Valley, specifying certain deposits which he testified were brought to the bank by movant and placed to the credit of his wife. The witness, looking at a depositor's "signature card," used by banks when accounts are opened, testified that since 1936 the bank was authorized to honor checks drawn by movant against his wife's account. E. O. Reid testified that as bookkeeper of the bank he made the entries shown on the ledger sheets and that they were correct. There was no proof offered of the correctness of the ledger sheets or of the books of the bank by customers of the bank transacting business therewith. The foregoing oral and documentary evidence was objected to on the following grounds: "The proper foundation has not been laid. The evidence is pure hearsay, incompetent, inadmissible, and can not bind the defendant. Particularly with reference to

the alleged account of Mrs. Georgia Barbour, it is an invasion unwarranted by the laws of this State, to the effect that a married woman is neither competent nor compellable to give evidence against her husband in a criminal prosecution of this character, and it can not be done directly or indirectly when her lips are sealed by law; the sole purpose of the evidence being to prejudice the rights of defendant." We see no merit in the objection that the proper foundation had not been laid for the admission of the evidence. In a prosecution of this character we do not think it was necessary for the State to prove by customers of the bank that the bank kept correct books. That rule applies in actions of account where the plaintiff is seeking to collect an account, and the defendant, a merchant for instance, is undertaking to introduce in evidence his account books. We think the proper foundation in the case at bar was laid by the uncontradicted testimony of the bank's officials that the deposit slips and the books of the bank were correct. We also hold that the testimony objected to in this ground was not hearsay, but was admissible as a circumstance tending to show the intent of the defendant to defraud his landlord. We further hold that the evidence with reference to the accounts of movant and his wife did not amount to forcing her to give evidence against him. It is the law of this State that evidence taken from the person of a defendant by an illegal search and seizure, if relevant, is admissible against him, and that the admission of such evidence does not amount to forcing him to give evidence against himself. Calhoun v. State, 144 Ga. 679 (87 S. E. 893). "The introduction of documentary evidence obtained from a receiver of the property and assets of one accused of crime by the process of subpœna duces tecum, although such evidence may be incriminatory in its nature and tend to convict the accused of crime, is not violative of the constitutional provision which forbids that such person be compelled to give testimony tending to incriminate himself." Rawlings v. State, 163 Ga. 406 (5) (136 S. E. 448). In Odum v. State, 183 Ga. 854 (190 S. E. 25), where the defendant was tried for murder, and where witnesses testified that, subsequent to the murder and while the accused was engaged in a disturbance with other persons, they heard his wife say in his presence that he had killed one man and was not afraid to kill another, the court ruled that the testimony was

admissible, over the objection "that the wife of a defendant can not be made to testify against her husband; and that such evidence was not relevant or proper, for the reason that the law does not permit a wife to testify against her husband, and a third party can not testify as to a wife's statement." It is well-settled law in this State that on the trial of one accused of crime, the testimony of witnesses, giving the substance of a conversation between the defendant and his wife, whenever relevant, is admissible; and this is true although the husband and wife intended the conversation to be confidential. *Knight* v. *State,* 114 *Ga.* 48 (39 S. E. 928, 88 Am. St. R. 17) ; *Williams* v. *State,* 139 *Ga.* 591 (77 S. E. 818); *Hudson* v. *State,* 153 *Ga.* 695 (113 S. E. 519).

Applying the foregoing rulings to the facts of the instant case, the admission of the documentary and oral evidence as to the banking account of the defendant's wife was not error for any reason assigned. She was a general depositor of the bank and the legal relation between her and the bank was that of creditor and debtor, and between general depositors and the bank's officers "there is no legal relationship; they are strangers." 1 Bolles Modern Law of Banking, 7, 8. And between the bank and such a depositor "there is nothing of a trust or fiduciary nature in the transaction." 7 Am. Jur. 313, 314, § 444. The cases cited in behalf of the plaintiff in error are distinguished by their facts from this case. The denial of a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*