HARDIN *v.* THE STATE.

642

No. 16168.   April 15, 1948.   Rehearing denied May 14, 1948.

*Hugh Reed Jr.*, and *Maddox & Maddox*, for plaintiff in error.
*Eugene Cook, Attorney-General, E. J. Clower, Solicitor-General,* and *E. L. Reagan, Assistant Attorney-General,* contra.

ATKINSON, J. (After stating the foregoing facts.) ■ The evidence authorized the verdict.

■ The first seven grounds and the fifteenth ground of the amended motion are predicated upon the idea that there was evidence to show that the killing of the deceased occurred without any intention on the part of the accused so to do, but in the commission of the act of self-destruction or suicide; and that the court, under proper request, should have charged the jury

the law of involuntary manslaughter in the commission of a lawful act without the necessary discretion and caution, under the Code, §§ 26-1009, 26-1010. It was insisted that there is no law in Georgia against suicide, or an attempt to commit suicide, and therefore the act being legal, the judge should have submitted to the jury the question of whether the killing was unintentional but in the commission of a lawful act without the necessary discretion and caution.

Had the evidence disclosed that the accused shot at himself and unintentionally killed another, with some facts to show that in so doing he had not exercised the necessary discretion and caution, the question here presented might have been meritorious, depending upon whether an attempt at suicide under our law is a lawful or unlawful act. For rulings upon this question from other jurisdictions, see annotations in 92 A. L. R. 1180. No determination of this question is necessary here, for the reason that, even under the defendant's statement, it is not claimed that the gun was intentionally discharged with suicidal intent, as he therein said "we went to scuffling over the gun, and I don't know, somehow in the scuffle one of the hammers fell."

Neither under any other view of the evidence nor under the defendant's statement was it error to decline, upon request, to charge the law of involuntary manslaughter in the commission of a lawful act. There is nothing in the record of any circumstances that would tend to show any lack of caution or circumspection. The only defense was that the homicide was an accident, and the judge charged the law of misfortune or accident under the Code, § 26-404. Neither the evidence nor the defendants' statement would have authorized a charge on the principle of law suggested. *Lyles* v. *State,* 130 *Ga.* 294 (9) (60 S. E. 578); *Brown* v. *State,* 203 *Ga.* 218 (46 S. E. 2d, 160).

■ The other grounds of amended motion assert error in the failure of the trial judge, upon request, to charge certain principles of law predicated upon the illegality of the arrest, in that the warrant under which the officer sought to make an arrest was void. The warrant, which was introduced in evidence, is attacked upon two grounds: (a) that the affidavit upon which the warrant was based was not properly signed; and (b) that

the affidavit was signed by Gussie Hardin, the wife of the accused, and charged him with having committed the offense of assault and battery on her. The warrant set forth that "Gussie Hardin makes oath before me that . . (Jack) E. H. Hardin did commit the offense of assault and battery."

As to whether the warrant was properly signed, it shows the following: After the body of the affidavit, the line for the deponent to sign was left blank, but the deponent signed under the jurat, and immediately under the deponent's signature it was witnessed by the justice of the peace. The fact that the affidavit was signed below the jurat would not prevent it from being a valid affidavit. *Miller* v. *Caraker*, 9 *Ga. App.* 255 (2) (71 S. E. 9); *Coggins* v. *State*, 57 *Ga. App.* 710 (2) (196 S. E. 149); 2 C. J. S., 957.

Upon the trial it appeared that Gussie Hardin was the wife of the accused, and it is insisted that the warrant, including the affidavit, charged him with assault and battery upon his wife, which made the warrant void, and therefore the arrest thereunder was illegal. A warrant sworn out by a wife against a husband, which charges assault and battery, rather than wife whipping, is not a void warrant. An assault is an attempt to commit a violent injury on the person of another. Code, § 26-1401. Battery is the unlawful beating of another. § 26-1408. Whipping a wife is to whip, beat, or otherwise cruelly maltreat her. § 26-1410. A valid indictment and a proper prosecution could be maintained under an indictment charging that Jack Hardin did make an assault upon Gussie Hardin, and did unlawfully beat her. Under such a charge, if it appeared upon the trial that Gussie Hardin was the wife of Jack Hardin, she would be competent but not compellable to testify against him if the assault and battery had been committed upon her person. Code, § 38-1604. Should she decline to testify, the case could be made out by other witnesses. If such an indictment further alleged that Gussie Hardin was "his wife," then it would also be a sufficient charge of "wife whipping." Such a charge would be broad enough to cover either assault and battery or wife whipping. *Hammond* v. *State*, 28 *Ga. App.* 680 (1) (113 S. E. 221). Therefore, the warrant not being void for any reason assigned, the

various requests to charge, based upon the ground that the arrest was illegal, are without merit.

■ By the fourteenth ground of the amended motion error is assigned upon the following portion of the charge: "The issue of accident, gentlemen, is involved in this case from the defendant's statement." It is asserted that the effect of so charging was a direct instruction that the issue of accident was involved only by the defendant's statement, when as a matter of fact there was other evidence from which the jury could have found that the homicide was accidental under the Code, § 26-404. While it is probably better practice for a judge in charging a jury to refrain from calling attention to the defendant's statement as being his reason for charging any particular defense, yet in the instant case this part of the charge is not subject to the exception taken, as the defendant's statement was the only thing before the jury that would have authorized a charge on the subject of accident. There is nothing in the testimony of Tucker, the policeman, that would have authorized a charge on this subject. It is clear from his testimony that the gun was fired before he saw any scuffling over the gun. Nor would the statements made by the accused, forty minutes after the shooting or after being placed in jail (assuming that they had probative value) have authorized a charge upon the subject of misfortune or accident. *Judgment affirmed. All the Justices concur.*