## MOSELEY *vs*. THE STATE OF GEORGIA.

1. Where a motion was made for a continuance on account of the absence of a witness, by whom the accused expected to prove that he was hired to haul the cotton which he was charged with having stolen, and the person who subpœnaed the witness testified that the latter stated that she knew nothing about the matter, there was no abuse of discretion in refusing a continuance.

2. In order for the striking of a plea in abatement to furnish a ground for reversal, it must affirmatively appear that such plea was filed before arraignment; otherwise it will be presumed that the judgment of the court was right, and that the plea was filed after arraignment.

3. Where an indictment for stealing cotton was in the usual form of an indictment for simple larceny, it was not demurrable because it did not allege that the cotton was stolen, taken and carried away from a place where it was stored. The words, "from any place where the same may be stored," simply mean any place where the same may have been placed or located. The intention of the act of 1881 (Acts 1880–1, p. 150) was merely to increase the penalty for stealing baled cotton, and to make it a felony instead of a misdemeanor. Code, §4419(a).

October 21, 1884.

BLANDFORD, Justice.

---

## SMITH *vs*. SMITH *et al*.

A bill to reform a deed alleged that all the parties intended for the land to be conveyed to the defendants, reserving the timber thereon to complainant; that a scrivener was selected to draw the deed, with instructions to draw it so as to carry out this intention; that the scrivener by mistake drew the deed so as to convey the land and its appurtenances to the defendants, without any reservation of the timber; that complainant was ignorant, illiterate and unable to read or write; that he signed the deed, supposing the timber had been reserved to him, and did not discover the mistake until some time thereafter, and that the mistake was mutual:

*Held*, that there was equity in the bill, and it was not demurrable. Code, §§3112, 3117, 3123.

Judgment reversed.

December 19, 1884.

BLANDFORD, Justice.