ANDREWS *v*. THE STATE OF GEORGIA.

If the witness on account of whose absence a continuance was asked, had been present at the trial and had testified to the facts which the defendant swore in his motion he would testify to, his testimony was very material; and the trial judge abused his discretion in refusing a continuance, a proper showing in other respects having been made.

December 6, 1889.

Criminal law. Continuance. Before Judge WINN. Cobb superior court. March term, 1889.

Indictment for assault with intent to murder Mizell. Motion for continuance on the following ground, sworn to by defendant; the overruling of which formed one of the exceptions:

Because of the absence of a material witness, George Hall, who has been subpœnaed, who resides at Atlanta, who is not absent by leave or procurement, and whose testimony he expects to obtain by the next term of this court; and this motion is not made for delay but to get his testimony. He expects to prove by said witness that he saw Mizell while on his way to defendant's place of business and residence, about 100 feet from the same, and just before the rencounter, carrying a large stick in his hand; that Mizell said he was going over

there and whip " them negro bitches," one of whom was defendant's daughter, who was then at his place of business, which was also his residence; that Mizell went on to defendant's house, and in front of the door met one Lula Butler, the other girl referred to by Mizell, and defendant's daughter; that he caught hold of the latter and jerked her around in a violent manner, and she screamed; that Mizell raised the stick he was carrying, and was in the act of striking her when defendant came out of his house and asked Mizell to allow him to explain the matter to him; that Mizell ordered defendant to go back into his house, and stated that he did not want any of his explanations; that defendant asked Mizell the second time to allow him to explain the matter, whereupon Mizell turned upon him, pushed him back against the side of his house and struck a blow over his head and shoulders with a stick before defendant attempted in any way to hurt him.

W. A. James, for plaintiff in error.

George R. Brown, solicitor-general, J. B. Alexander and W. R. Power, for the State.

Simmons, Justice.

Andrews was convicted of assault with intent to murder. Before going into the trial, he moved the court to continue his case on account of the absence of a witness. If the witness had been present at the trial, and had testified to the facts which Andrews swore in his motion he would testify to, he was a very material witness, and we think the trial judge abused his discretion in refusing to continue the case. A proper showing was made as to the witness having been subpœnaed, that he expected to have him present at the next term of the court, and that the motion was not made for delay only.          *Judgment reversed.*