WALDRUP *v.* MAXWELL.

It appearing on motion for continuance that the absent witness had been duly subpœnaed; that he was absent without the procurement or consent of the defendant; that the defendant expected to

v 84-8

procure his presence at the next term of the court; and that the motion was made in good faith, and not for the purpose of delay; and that the facts which defendant expected to prove by him were material, it was error to refuse to grant a continuance; the counter-showing being merely to the effect that plaintiff had talked to the defendant's witness, and that the witness said he did not know anything about the case.
December 9, 1889.

Continuance. Witness. Practice. Before Judge MILNER. Bartow superior court. January term, 1889.

Reported in the decision.

A. W. FITE and A. S. JOHNSON, for plaintiff in error.

BAKER & HEYWARD, *contra.*

BLANDFORD, Justice.

Maxwell sued Waldrup on a promissory note. The defendant pleaded that the note was given for a certain lot of land, and that the plaintiff refused to make a deed to this land, although he tendered the amount due upon the note; that the plaintiff did not own a particular portion of the land for which the note was given—about six acres, which the plea alleged was very valuable and worth about $300; and that to this extent the consideration had failed. The defendant further pleaded $300 as a set-off, and asked judgment for the difference.

The case coming on for trial, the defendant moved for a continuance, upon the ground that two of his witnesses were absent,—George Hendrix and John Little; that Hendrix lived in the county and had been subpœnaed, and was absent without defendant's consent or procurement; that the defendant expected to have him present at the next term and get the benefit of his testimony; that the motion was made for this purpose and not for delay; that he expected to prove by Hendrix that he (Hendrix) wrote the bond for title, and that the defendant was not present when the bond was

written, but came soon after, and when the bond was handed to him, objected to it because it did not give the boundaries, and that the plaintiff admitted that the boundaries ran as set out in the defendant's plea, and said he would make a deed accordingly. The plaintiff made a counter-showing to the effect that Hendrix, the absent witness, said to both H. R. Maxwell and J. W. Stubbs that he did not know anything about the case; and to the effect that he (plaintiff) did not say that the lines ran as claimed by the defendant, and did not so admit when the bond was delivered. The court overruled the motion to continue, and this is the main ground of error alleged here.

We think the court should have granted the motion to continue. It is shown by the defendant's testimony that the witness had been duly subpœnaed, and that he was absent without his procurement or consent; that he expected to procure his presence at the next term of the court, and that the motion was made in good faith and not for the purpose of delay; and the facts which he expected to prove by the absent witness were material. The counter-showing merely goes to the effect that the plaintiff in the court below had talked to the defendant's witness, and that the witness merely said he did not know anything about it. If we should adopt a rule that a party to a case may go to the witnesses of the opposite party, and obtain from them a statement that they know nothing about the case, and in this way prevent a continuance when the witnesses absent themselves from court, it would in many cases be impossible to procure the attendance of the witness. The plaintiff in error had a right to have this witness attend court. The witness having been called to court by the process of the court, and the plaintiff in error having shown that the facts he expected to prove by the witness were material, he was entitled to a continuance.

The case of *Moseley* v. *The State*, 74 *Ga.* 404, is not a controlling authority upon the question, under the circumstances attending this case.   In that case the statement of ignorance was not made to the opposite party, but to the person who subpœnaed the witness.   Moreover, the decision in that case seems to us now of doubtful correctness, and the better doctrine is the broad principle announced in *Horn* v. *The State*, 62 *Ga.* 362.                              *Judgment reversed.*