## HALL *v.* THE STATE.

1. In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved.
2. No locality except venue need be charged in prosecutions under the Penal Code, § 186, which was intended to make the stealing of baled cotton a felony, regardless of value or of the place where the cotton was stored.
3. In view of the defendant's statement and some of the evidence offered in his behalf, it was error to refuse the written request to charge that if he did not steal but bought the cotton from one who had stolen it, he could not be convicted under an indictment for stealing baled cotton.

Argued April 21,—Decided May 10, 1904.

Indictment for larceny. Before Judge Seabrook. Appling superior court. January 9, 1904.

Hall with two others was indicted for stealing a bale of cotton from " under the ginhouse of Johnson, the place where the same had been stored, the said bale of cotton having heen placed and located near the press under said ginhouse." There was also a count for receiving stolen goods, which, however, was stricken on demurrer. There was ample evidence that the cotton had been taken from under the ginhouse of Johnson, though there was no proof that it had been taken from near the press. Possession of the property was traced directly to the defendant. In his statement he claimed that he had bought it from one Thomas, and there was some evidence to the same effect from witnesses for the defense. There was a motion for a new trial on the grounds that the verdict was contrary to law and to evidence; that there was no proof of the descriptive averment that the bale had been placed near the press; and because the court refused a written request to charge: " If you should find that another person stole the cotton, and afterwards the defendant bought or received it, then you would not be authorized to find the defendant guilty, but should acquit him."

*W. W. Bennett* and *E. D. Graham*, for plaintiff in error.
*John W. Bennett, solicitor-general*, contra.

LAMAR, J. The intent of Penal Code, § 186, was to make the stealing of baled cotton a felony regardless of its value, or of whether it was taken from a house or from within the curtilage, or whether the elements of burglary were present or not. It made the place where the cotton was located or stored immaterial. *Moseley* v. *State*, 74 *Ga.* 404. Venue of the crime was the only locality that had to be alleged and proved. Therefore the allegation that the cotton was under the ginhouse of Johnson and near the press under the ginhouse was mere surplusage, and not descriptive of any material element of the crime. The proof must identify the particular bale alleged to have been stolen, but it made no difference whether it was taken from one room or another, or from one end or the other of the open space under the building. There was ample evidence to show that the cotton described in the indictment was taken from under the ginhouse where it had been located; and

it was unnecessary to prove that it had been placed near the press, even if as a matter of law nearness to the press was not involved in the proof that it was taken from the building containing the same. This case does not come within the rule that an immaterial description of a material fact must be proved, but, place being unimportant, it was rather an instance of an immaterial description of an immaterial fact.     Besides what was contained in the statement of the defendant, there was some evidence that he bought the cotton; and he was therefore entitled to the charge requested in writing, that if instead of stealing he bought from one who had stolen, he could not be convicted under this indictment.     Nor was the failure to give this charge cured by anything contained in the general charge, which was confined exclusively to a statement of the law applicable to the crime defined in the Penal Code, § 186; and omitted any reference to defendant's theory.     This error requires the grant of a new trial; and the judgment is     *Reversed.     All the Justices concur.*