### 4790. MORGAN *v.* THE STATE.

RUSSELL, J. The showing for continuance being in all respects regular and in compliance with the requirements of the statute, and the testimony of the absent witness being vitally material to the defense, the court erred in not granting a continuance.                *Judgment reversed.*

DECIDED SEPTEMBER 16, 1913.

Indictment for sale of liquor; from city court of Madison—Judge Anderson. January 31, 1913.

The indictment charged Robert Morgan with the sale of intoxicating liquors on December 15, 1911.. George Wright testified, that on December 15, 1911, he bought "corn liquor" from the accused "down at the colored hall," in Morgan county, and bought "liquor"

from him on a previous occasion in the same year. at Genus Allen's shop, and at other times during the year on the streets, in Morgan county. "Will Simmons was with me the night I bought the liquor down at the Odd Fellows' hall. Nobody was with me the other times I bought liquor from Rob." A police officer testified that "about the latter part of the summer of 1911" he arrested the accused and found a pint of whisky and a small measuring glass in his pocket. These were the only witnesses introduced for the State. Frank Weaver testified that about the time the accused was indicted, the witness George Wright admitted that he had not bought any liquor from the accused. Another witness testified to conflicting statements of George Wright as to the same matter. The accused, in his statement at the trial, denied that he had sold liquor to George Wright. He was convicted, and the case came to this court on exceptions to the refusal of a new trial. The motion for a new trial was based on the grounds, that the verdict was contrary to law and to the evidence, that the court erred in admitting the testimony of the police officer, and that the court erred in overruling the defendant's motion for a continuance, made when the case was called for trial.

The continuance was asked on account of the absence of Willie Simmons, a material witness for the accused. The indictment was found at the March term of the superior court, 1912. The case was tried in the city court on January 8, 1913. On the motion for continuance the court heard evidence as follows: The accused testified: Willie Simmons is my witness. He is not here. I did not agree for him to stay nor tell him to stay. I tried my best to get him here. I thought he would be here. I suppose he will be here at the next term of the court and expect him to be here. I can't go to trial without him. He has been subpœnaed twice,—once last summer, and again on the last Saturday in December just past. He has attended court once or twice. I don't know who gave him the subpœna last summer, but I gave him the subpœna issued in December. He is staying in Atlanta now, but. I don't know whether his home is in Atlanta or here. I took the subpœna to Atlanta on the last Monday in December, 1912, and gave it to him, and told him I would have a ticket at the ticket office of the Georgia Railroad in Atlanta on Monday, January 6, for him to come to Madison on, and he agreed to come. On last

Saturday evening I went to Mr. Hanner, the agent of the Georgia Railroad here, and bought a ticket for Willie Simmons from Atlanta to Madison, and Mr. Hanner sent it to Atlanta, I reckon. That was Saturday, January 4. George Wright swore before council that he bought liquor from me down at the colored Odd Fellows' hall, and that Willie Simmons was there and saw him buy it. I reckon George is going to swear the same thing here. Willie Simmons will swear that it is not so, that I did not sell George Wright any liquor down there at the hall at the time George says, and he never saw me sell him any liquor there or any other time. I know he will swear that, because he told me so, and he told Mr. George so. This motion is not made for delay.—A witness testified that he saw the defendant and Willie Simmons together in Atlanta on the last Monday in December.—J. C. Hanner testified: I am Madison agent of the Georgia Railroad. The defendant came to me on Saturday, January 4, and bought a ticket from Atlanta to Madison, to be transmitted to Willie Simmons. I transmitted it through the usual channel to the agent in Atlanta. All Simmons had to do to get the ticket was to go to the ticket office in Atlanta and ask for it. I don't know whether he knew it was there or not. I presume that he never went after it, for I have never heard from the agent in Atlanta, reporting that the ticket had been delivered.—The criminal subpœna docket showed that two subpœnas were issued for the witness, one on July 1, 1912, delivered to the sheriff, and one on December 28, 1912, delivered to the defendant. The criminal docket showed the following entry (and no other) in this case: "Continued to October term, 1912, on account of absence of defendant's attorney." This entry was made in August, 1912. It was admitted that the sheriff to whom was delivered the subpœna issued in July, 1912, had gone out of office, was not in the court-house, and had not been subpœnaed.

*E. H. George*, for plaintiff in error, cited: *Andrew* v. *State,* 84 *Ga.* 82; *Pyburn* v. *State,* 84 *Ga.* 193; *Waldrup* v. *Maxwell,* 84 *Ga.* 113.

*A. G. Foster*, solicitor, *Little & Powell,* contra, cited: *Anderson* v. *State,* 72 *Ga.* 98; *Haines* v. *State,* 8 *Ga. App.* 627 (2); *Battles* v. *State,* 9 *Ga. App.* 193-4; *Brooks* v. *State,* 3 *Ga. App.* 458 (3); *Grusin* v. *State,* 10 *Ga. App.* 149, 152.