### 5883. PINES *v.* THE STATE.

WADE, J. 1. Only in an indictment under a statute which makes the character of the place an essential element of the offense must the place at which the crime was committed be described with particularity. *Burkes* v. *State,* 7 *Ga. App.* 39-42 (65 S. E. 1091) ; *Johnson* v. *State,* 1 *Ga. App.* 195 (58 S. E. 265). Generally "it is sufficient if the offense is stated to have been committed in the county where it is prosecuted. It is this which gives jurisdiction to the court." *Studstill* v. *State,* 7 *Ga.* 2-15. "An indictment which charges the crime to have been committed . . in a particular county is sufficiently certain as to . . place." *Wingard* v. *State,* 13 *Ga.* 396 (3). See also *Hall* v. *State,* 8 *Ga. App.* 747 (2) (70 S. E. 211) ; *Hall* v. *State,* 120 *Ga.* 142 (47 S. E. 519) ; *Moseley* v. *State,* 74 *Ga.* 404; *Conley* v. *State,* 83 *Ga.* 496 (10 S. E. 123).

(a) In a prosecution for the sale of liquor it is not necessary to set forth in the indictment the precise locality at which the alleged sale was consummated, or to do more than show that it was within the jurisdiction of the court.

2. The name of the purchaser need not be stated in an indictment for the sale of intoxicating liquors, but if the name is stated, proof of sale to any other person is irrelevant, unless he was agent for the person named and the defendant was aware of this relation. *Finch* v. *State,* 6 *Ga. App.* 338 (64 S. E. 1007) ; *Wells* v. *State,* 118 *Ga.* 556 (1) (45 S. E. 443), and citations.

(a) In *Davis* v. *State,* 22 *Ga.* 101-2, where it was held that an indictment for playing and betting at cards ought to state enough to show whether the person with whom the playing and betting was done was a white person or a negro, the reason assigned for so holding was that at that time the punishment for the offense was greater when it was committed with a negro. *Hinton* v. *State,* 68 *Ga.* 322; *Mulling* v. *State,* 74 *Ga.* 10-12.

(b) The irrelevancy of testimony as to a sale of intoxicating liquors to a different person from the purchaser named in the indictment, which is suggested for the first time in the motion for a new trial, was waived by cross-examination of the witness upon the point covered by the irrelevant testimony, and by not moving to exclude the answers elicited on either the direct or the cross-examination. Moreover, in his instructions to the jury, the trial judge restricted them to the consideration alone of the defendant's guilt of the specific offense of selling to the person named in the indictment.

3. A demurrer to an indictment for the sale of intoxicating liquors made to one Jim Allen, because it did not state whether Allen was white or colored, or at what point the sale was consummated in the county where the transaction was alleged to have taken place (and hence that the defendant was not sufficiently informed to enable him to properly defend against the charge), was properly overruled; and since the evidence authorized the verdict, there was no error in refusing a new trial.

*Judgment affirmed. Roan, J., absent.*

DECIDED OCTOBER 20, 1914.

Indictment for sale of liquor; from Webster superior court—Judge Littlejohn. June 17, 1914.

*M. A. Walker, G. Y. Harrell,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.