### 27171. SANDERS *v.* THE STATE.

DECIDED FEBRUARY 22, 1939.   REHEARING DENIED MARCH 27, 1939.

*John B. Morris,* for plaintiff in error.

*A. S. Skelton, solicitor-general,* contra.

MACINTYRE, J.   Cleo Sanders was found guilty of a misdemeanor alleged to have been committed in Hart County, Georgia. His motion for new trial was overruled, and he excepted.   The material parts of the indictment charged "that the said accused on the 20th day of December, 1936, in the county aforesaid [Hart County, Georgia], did then and there, unlawfully and with force and arms, take, transport, assist in taking and transporting, and offer and agree to take and transport on foot and by automobile Meadow Seymour and Roselle Brown, females under the age of eighteen to the Rainbow Tourist Camp for the purposes of lewdness, assignation, and prostitution."   The law under which he was indicted, declares:   "Whoever . . shall take or transport, assist in taking or transporting, or offer or agree to take or transport, on foot, or by automobile, or any other means, any person to any house of ill fame, hotel, rooming house, apartment, room, park, field or woods, or any other place whatsoever, for the purpose of lewdness, assignation, or prostitution, shall be guilty of a misdemeanor."   Code, § 26-6201.   The allegation of the place, that is, the county in Georgia in which the crime was committed, is not generally required or made for the purpose of setting forth one of the essential elements of the crime, for the crime may be com-

plete wherever it is committed in Georgia whether in Hart County or any other county in this State. To illustrate: carrying a pistol concealed, and simple theft or larceny, are crimes wherever done in Georgia, and the allegation of the county in which they are committed is made only for the purpose of designating the particular county in which the court with jurisdiction may hear and determine the case. This is what we call venue. The place where the crime is committed is no part of the crime and is alleged for the purpose of showing or indicating what court should try the defendant for the crime set forth in the indictment. While venue is one of the things that it is necessary to prove in order to convict, for the jurisdiction of the court must be established, it is not, generally speaking, one of the essential elements of a crime. But where the criminal character of the act depends upon the locality in which it is committed, the allegation as to the place becomes material, and likewise becomes an essential feature or element of the crime, as in cases of drunkenness on a public highway. *Burkes* v. *State,* 7 *Ga. App.* 39, 42 (65 S. E. 1091); *Fischer* v. *State,* 46 *Ga. App.* 207 (167 S. E. 200); *Youmans* v. *State,* 7 *Ga. App.* 101, 114 (66 S. E. 383).

Relatively to what constitutes a crime, allegations referring to that which is not an essential element of the offense are surplusage; but if the allegations refer to an element that is essential or necessary to make out the offense and go more into the details of the description of one of these essential elements which constitutes the offense than is absolutely necessary, it will not be surplusage. *Shrouder* v. *State,* 121 *Ga.* 615 (49 S. E. 702). "In criminal law, an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved." *Hall* v. *State,* 120 *Ga.* 142 (47 S. E. 519); *Howell* v. *State,* 29 *Ga. App.* 174 (2) (114 S. E. 717). Generally speaking, if it is alleged that a crime was committed in a designated county and State, this is a sufficient allegation of venue, and an allegation as to a particular place in that county is not an essential element of the particular crime charged. Therefore, a more particular allegation designating a spot or place in such a county is not going into a more particular description of one of the essential elements of the crime, for venue is not generally an element of the crime. U. S. *v.* Howard, 26 Federal Cases,

Circuit and District Courts (1789-1880), 388, 390. No locality except the county need be charged in the prosecutions under Code, § 26-6201, which was intended to make transportation of females for lewd purposes a misdemeanor, regardless of the place or the name thereof to which the transportation took place, provided the indictment charged transportation in the county in this State where the transportation took place. 3 Bishop's New Crim. Proc. 1404, § 293 (2).

In the instant case the crime charged is not an offense which consists wholly, or in part, of a wrong done to or on account of the possession or ownership of real or personal property; nor is the wrong alleged to have been done materially related to the possession or ownership of any property, as where such property must exist before the crime could have been committed. To illustrate: burglary, or arson, or the unlawful possessing of whisky. 2 Bishop's New Criminal Procedure, 461, § 583. But here the offense consists wholly in the wrong done to the person, and the crime charged existed whether the house or place known as "Rainbow Tourist Camp" was located in Hart County, or in another county, or out of this State, or even if such a place never existed anywhere. The indictment alleged that the transportation of females for immoral purposes to the Rainbow Tourist Camp took place in Hart County, Georgia. The proof showed that there was transportation for alleged immoral purposes in Hart County, Georgia, and that the transportation continued a short distance into South Carolina to a place known as "Rainbow Tourist Camp." There was no proof that there was a Rainbow Tourist Camp in Hart County, Georgia. The words in the indictment "to Rainbow Tourist Camp" are surplusage (Travis v. Commonwealth, 96 Ky. 77, 27 S. W. 863), for it was a crime, a violation of the statute, if there was a transportation for the alleged immoral purposes (which is the gist of the offense), whether the final destination was in Hart County or in another State. "In all cases, only so much of the allegation need be proved as constitutes the crime to be punished. But no harm will ordinarily come from a surplus of proof." 1 Bishop's New Crim. Proc. 95, § 127 (3).

The evidence in this case authorized the jury to find, not only the issues contained in the indictment submitted to them, but also that the defendant transported the females in Hart County, Geor-

gia, and then across the line to the Rainbow Tourist Camp in South Carolina. The transportation of the females beyond the Hart County line to the tourist camp in South Carolina was a matter extraneous to the indictment, and is denominated surplusage. 1 Wharton on Criminal Evidence, 366, § 138. In the instant case, the words "to Rainbow Tourist Camp" (wherever such place might be located), was describing, unnecessarily, a fact which was not an essential element of the crime charged, and which was therefore unnecessarily charged in the indictment and need not be proved. The defendant relied strongly on *Hightower* v. *State, 39 Ga. App.* 674 (148 S. E. 300). In that case the indictment charged one offense which in terms consisted of acts both within and without the State between definite termini, and the court held in effect that all of the acts both within and without the State, taken all together, constituted the one crime charged in the indictment which must be proved even though an indictment would lie in the county in this State wherein the domestic part of the transaction occurred. 1 Bishop's New Criminal Procedure, 30, § 56 (2). 3 Bishop's New Criminal Procedure, 1886, § 1045, 1888, § 1051; 1 Wharton Criminal Evidence, 318, § 11 (a). However, in the instant case the one and only offense alleged in the indictment was the act or acts committed in Hart County, Georgia, and these were acts that could be carved out of the criminal things into a specific crime. 1 Bishop's New Crim. Proc. 478, § 791. See *Gardner* v. *State,* 105 *Ga.* 662 (31 S. E. 577), wherein it is said: "Evidence showing that the accused took and carried away from a house, with intent to steal the same, the personal goods of another, will warrant a general verdict of guilty upon an indictment which merely charges simple larceny."

The words "to Rainbow Tourist Camp [in Hart County, Georgia]" may be rejected from the indictment as surplusage. The words and acts of the defendant after he arrived at the place where he expected to execute his immoral acts (Rainbow Tourist Camp) are not the gist of the offense charged. The gist of the offense charged is the transportation of females for immoral purposes. However, evidence of the defendant's words and acts at the place where he expected to execute his immoral acts (whether known as the Rainbow Tourist Camp, or some other name, or at a spot or place without a name), would be admissible and relevant for the

purpose of showing that the defendant intentionally transported the females for immoral purposes. *Hall* v. *State, 47 Ga. App.* 833 (171 S. E. 727).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*