### 36659.   DOCKERY *v.* THE STATE.

CARLISLE, J.   The defendant was tried and convicted under an accusation charging him with the operation of a motor vehicle "upon a public road known as Athens and Winterville Road while under the influence of intoxicating liquors and drugs and to the extent that it was less safe for him to operate said car than it would have been if he were not so affected thereby. . . ." The motion for new trial, based on the usual general grounds and one special ground, which is but an elaboration of the general grounds in that complaint is made of the failure

of the proof to establish that the defendant had committed the alleged offense upon a public road known as Athens and Winterville Road, was denied, and error is assigned here on that judgment.

1. " 'Allegations in an indictment wholly foreign to any element in the offense charged may be disregarded as surplusage and need not be proved. The rule is otherwise as to averments which are descriptive of some element in the offense though more precise and detailed than is absolutely necessary.' *Shrouder* v. *State*, 121 *Ga.* 615 (1) (49 S. E. 702); *Hall* v. *State*, 120 *Ga.* 142 (47 S. E. 519); *Brand* v. *State*, 153 *Ga.* 639 (112 S. E. 829); *Robinson* v. *State*, 76 *Ga. App.* 313 (45 S. E. 2d 717); *Waller* v. *State*, 80 *Ga. App.* 488 (56 S. E. 2d 491). 'If the criminality of an act depends upon the place where it is committed, the allegation of place is material; and variance between the allegation and proof is fatal.' *Johnson* v. *State*, 1 *Ga. App.* 195 (2) (58 S. E. 265); *Isenhower* v. *State*, 88 *Ga. App.* 762 (77 S. E. 2d 834); *Baker* v. *State*, 92 *Ga. App.* 60 (87 S. E. 2d 644).

"Under the present law, the offense of driving a vehicle under the influence of intoxicants may be committed 'upon highways and elsewhere throughout the State.' Ga. L. 1953, Nov.-Dec. Sess., p. 564 (Code, Ann. Supp., § 68-1601). The definition of 'highway' given in the law shows that it means a 'way publicly maintained.' Ga. L. 1953, Nov.-Dec. Sess., p. 561 (Code, Ann. Supp., § 68-1504 (a)). Therefore this offense may now be committed upon a public highway or at other places. Since, however, a public highway is one of the places where the offense may be committed, if the indictment or accusation alleges that the offense was committed on a stated 'public highway,' the proof should show that it was a *public* highway, and in the absence of such proof the evidence would be insufficient to support the verdict." *Jordan* v. *State*, 212 *Ga.* 337, 339 (92 S. E. 2d 528).

An allegation in an indictment for a violation of the Uniform Act Regulating Traffic on Highways that the violation was committed on a named road, must be supported by proof that the violation was on that road. *Nalls* v. *State*, 27 *Ga. App.* 38 (107 S. E. 354); *Waller* v. *State*, 79 *Ga. App.* 335 (53 S. E. 2d 600).

2. Under an application of the foregoing principles of law to the

facts of the present case, the proof failed to establish that the offense charged in the accusation was committed upon a public road known as Athens and Winterville Road. While there was evidence that the defendant was driving an automobile while under the influence of intoxicating liquors and that this made it less safe for him to operate the automobile, the evidence showed that this offense was committed on a county road which one of the arresting officers understood was known as the Spring Valley Road in Clarke County or the old Elberton Road, and while there was testimony from another witness that one may travel from Athens to Winterville over the Spring Valley Road, formerly known as the old Elberton Road, there is no evidence that this road was ever known as the Athens and Winterville Road. The proof was, consequently, insufficient to support this allegation of the accusation, and the trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 8, 1957.

*Guy B. Scott, Jr.*, for plaintiff in error.
*Preston M. Almand, Solicitor*, contra.