### 37198. FLANDERS *v.* THE STATE.

CARLISLE, Judge. 1. While, ordinarily, "if the criminality of an act depends upon the place where it is committed, the allegation of place is material" (*Johnson* v. *State,* 1 *Ga. App.* 195 (2), 58 S. E. 265), and, while under the law as it stood prior to the 1953 act, it was essential that an accusation or an indictment charging one with the offense of operating a motor vehicle under the influence of intoxicants should allege the place where the offense occurred, that is, whether upon a public street or highway, or upon any private street or private property of the State (*Isenhower* v. *State,* 88 *Ga. App:* 762 (1), 77 S. E. 2d 834), the act approved January 11, 1954 (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 564, Sec. 22 (2)), has the effect of making it a criminal offense to operate a motor vehicle under the influence of intoxicants anywhere in

this State (*Dockery* v. *State,* 95 *Ga. App.* 486 (1), 98 S. E. 2d 123), and *place* is, therefore, no longer a material element of the offense. "Only in an indictment under a statute which makes the character of the place an essential element of the offense must the place at which the crime was committed be described with particularity. *Burkes* v. *State,* 7 *Ga. App.* 39-42 (65 S. E. 1091); *Johnson* v. *State,* 1 *Ga. App.* 195 (58 S. E. 265). Generally 'it is sufficient if the offense is stated to have been committed in the county where it is prosecuted. It is this which gives jurisdiction to the court.' *Studstill* v. *State,* 7 *Ga.* 2-15. 'An indictment which charges the crime to have been committed . . . in a particular county is sufficiently certain as to . . . place.' *Wingard* v. *State,* 13 *Ga.* 396 (3). See also *Hall* v. *State,* 8 *Ga. App.* 747 (2) (70 S. E. 211); *Hall* v. *State,* 120 *Ga.* 142 (47 S. E. 519); *Moseley* v. *State,* 74 *Ga.* 404; *Conley* v. *State,* 83 *Ga.* 496 (10 S. E. 123)." *Pines* v. *State,* 15 *Ga. App.* 348 (1) (83 S. E. 198). See also *Hightower* v. *State,* 39 *Ga. App.* 674 (1) (148 S. E. 300); *Sanders* v. *State,* 59 *Ga. App.* 754 (2 S. E. 2d 137). Under the foregoing rules of law, an accusation which charges that the defendant on a specified date committed a misdemeanor in that he "did operate an automobile on a public street, highway, private way, private street and private property in said county, while under the influence of intoxicating liquors," which accusation was not drawn in the alternative, was not subject to a special demurrer attacking it on the ground that it was too vague and indefinite to enable the defendant to intelligently prepare his defense and on the ground that it did not designate or identify by name the public street or highway nor show what private street or private property or the name of the owner thereof whereon the defendant operated the automobile while under the influence of intoxicants, and the trial court, therefore, did not err in overruling these grounds of demurrer.

2. The plaintiff in error assigns error on the overruling of a single special ground of the motion for a new trial complaining of the following portion of the court's charge to the jury: "I charge you that in contemplation of law, an operator or driver of a motor vehicle is under the influence of intoxicating liquor when he is so affected by intoxicating liquor as to make it less safe for him to operate such vehicle

than it would be if he was not affected by such intoxicating liquor. I further charge you that it is not necessary for the State to show that the accused was drunk, but it is sufficient if the State shows beyond a reasonable doubt that the accused was under the influence of some intoxicant as charged to any extent whatsoever, whether drunk or not, *provided,* however, as I have heretofore charged you, he must have been under the influence of intoxicating liquor to the extent he was so affected thereby as to make it less safe for him to operate such vehicle than it would be if he was not affected by such intoxicating liquor, if you find he was." (Italics by this court). It is contended that this charge was contradictory, confusing and misleading, in that it authorized the jury to convict the accused if they found that he was under the influence of intoxicants to any extent whatsoever. While we recognize that it is error for the court to instruct the jury that it is unlawful for one to drive an automobile while under the influence of intoxicants to *any extent whatsoever,* whether drunk or not (*Harper* v. *State,* 91 *Ga. App.* 456, 86 S. E. 2d 7), we do not think that the portion of the charge here complained of can be construed as unqualifiedly instructing the jury to this effect, since the court immediately after using those words added that in order to convict the defendant, they must find that he was under the influence of intoxicating liquors to the extent that he was so affected thereby as to make it less safe for him to operate the vehicle. While the judge did not expressly withdraw the erroneous statement, he did plainly qualify the statement by stating the correct rule and by instructing the jury that the statement was so qualified. Under these circumstances, the jury could not possibly have been misled. The *Harper* case, supra, is distinguishable from this case in that there the two propositions were both charged (the incorrect one last) but without the court adverting in the one to the other, but in this case, while the incorrect rule was charged, the court in immediate connection therewith instructed the jury that its effect was subject to the proviso. This ground does not show cause for reversal.

3. The evidence showed that the defendant drove his automobile from a road or highway onto private property of one of the witnesses, knocking down a fence thereon some 20 feet from

782

the edge of the roadway. Several witnesses, including the owner, or lessee, of the property, testified that immediately after the defendant's car struck the fence, they smelled the odor of alcohol on his breath and that he staggered and was thick-tongued on alighting from the automobile and that he "had been drinking." While no witness testified that he actually saw the defendant operating the automobile, the witness did testify that the defendant was the only person in the car immediately after it struck the fence, and the evidence on behalf of the State was ample to authorize the jury to find that the defendant was operating the automobile while under the influence of intoxicants and to find him guilty under the accusation and the instructions of the court. It was not error to deny the general grounds of the motion for new trial. *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 23, 1958.

*Jacobs & Gautier*, for plaintiff in error.
*Clarence H. Clay, Jr., Solicitor*, contra.