45630.  GLOVER v. THE STATE.

PANNELL, Judge. The defendant was indicted for the violation of Section 40 in Article IV of the Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 556, 573) which reads as follows: "(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 42. Every such stop shall be made without obstructing traffic more than is necessary. (b) Any person knowingly failing to stop or comply with said requirements under such circumstances shall upon conviction be punished as for a misdemeanor." Section 42, referred to, is as follows: "The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request and if available exhibit his operator's or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person." Section 22 in Article II of the Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 556, 564) provides: "The provision of this Act relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except: 1. Where a different place is specifically referred to in a given section. 2. The

provisions of Article IV and V shall apply upon highways and elsewhere throughout the State." The indictment charges that the defendant in the County of Lamar and State of Georgia on a certain date "did then and there unlawfully and with force and arms did drive a motor vehicle over the public highways and, while driving said vehicle over the public highways, was involved in an accident resulting in an injury to John M. (Buck) Smith, from which injuries the said John M. (Buck) Smith died, and did leave the scene of such accident and did knowingly fail to stop in the close proximity of said accident to render any aid to the said John M. (Buck) Smith or any reasonable assistance in the carrying of the said John M. (Buck) Smith to a physician, surgeon or hospital for medical or surgical treatment; it being apparent that such treatment was necessary and did knowingly fail to stop to give his name and address and registration number of the vehicle he was driving, contrary to the laws of said state, the good order, peace and dignity thereof." The defendant demurred to the indictment on general grounds and also specially on the grounds "that the place where said accident and injuries were alleged to have taken place is not shown with such particularity to enable this defendant to prepare his defense" and "that the same does not describe the place where the alleged accident and injuries took place sufficiently to keep this defendant from again being placed on trial for the same charge." The defendant was convicted and appeals to this court from the judgment of conviction and sentence, enumerating error on the overruling of his demurrers and on the overruling of his motion for new trial which contained the general grounds and several special grounds. *Held:*

1. The ruling on the demurrers is controlled adversely to the appellant by the decision of this court in *Flanders v. State,* 97 Ga. App. 779 (1) (104 SE2d 538).

2. The photographs of the deceased allegedly connected with the charges against the defendant were properly admitted in evidence as they tended to prove that the deceased had fallen from, or been struck by, or dragged by, an automobile. *Johnson v. State,* 158 Ga. 192 (123 SE 120); *Bryan v. State,* 206 Ga. 73, 74 (55 SE2d 574).

3. There was no error in admitting into evidence testimony of a State's witness as to certain statements made by the defendant over the objection that "it was not proven that the same were freely and voluntarily made after the intelligent waiver of the right to counsel."

4. The court did not err in overruling the defendant's motion for a directed verdict of acquittal as there is no law in this State permitting such action by the trial judge in criminal cases. *Pritchard v. State,* 224 Ga. 776 (2) (164 SE2d 808).

5. The evidence against the defendant was entirely circumstantial, and while casting grave suspicion upon him, was insufficient to establish the charge against him set forth in the indictment. It follows, therefore, that the trial court erred in overruling the motion for new trial as to the general grounds.

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur.* SUBMITTED SEPTEMBER 14, 1970—DECIDED FEBRUARY 19, 1971.

*W. Franklin Freeman, Jr.,* for appellant.
*Edward E. McGarity, District Attorney,* for appellee.