## 46046. OLIVER v. THE STATE.

EVANS, Judge. The defendant was indicted and tried before a jury on one count of aggravated assault and one count of aggravated battery. He was convicted of the offense of aggravated battery only, and sentenced to serve two years in the penitentiary. He thereafter filed a motion for new trial which was overruled. The appeal is from the judgment and sentence and from the judgment overruling his motion for new trial. Error is enumerated on the allowance of certain hearsay testimony in evidence

and on the denial of his motion for new trial which is based on the general grounds only contending that the evidence is insufficient to support the verdict in that the venue was not proven. *Held:*

1. Under *Code* § 38-302 when in a legal investigation information, conversation, and similar evidence of facts to explain conduct appear, they shall be admitted in evidence, not as hearsay but as original evidence for the sole purpose of explaining such conduct. The testimony objected to here as hearsay was testimony as to why a witness went to a particular booth in her restaurant to require certain persons, including the defendant, to stop creating a disturbance in her place of business. The testimony alleged to be hearsay was merely that a guest asked her to request the defendant and others to cease and desist their loud talking and cursing, which she testified she found when called to her attention. The court allowed it in evidence solely as an exception to the hearsay rule to explain her conduct. *Stamps v. Newton County,* 8 Ga. App. 229 (9) (68 SE 947); *Harris v. State,* 191 Ga. 555 (6) (13 SE2d 459); *Joiner v. Joiner,* 225 Ga. 699 (3) (171 SE2d 297). The complaint that this testimony was hearsay is not meritorious.

2. There was ample testimony to show that the Home Plate Drive-In located at 567 Ponce de Leon Avenue, N. E., was in Fulton County, Georgia, in order to prove venue in this case. *Glover v. State,* 123 Ga. App. 348 (181 SE2d 98).

The evidence was sufficient to support the verdict and there is no merit in the complaint that the lower court erred in denying the motion for new trial.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
ARGUED MARCH 3, 1971—DECIDED APRIL 6, 1971—
REHEARING DENIED APRIL 20, 1971.

*Margaret Hopkins, H. G. McBrayer, James R. Venable,* for appellant.

*Lewis R. Slaton,* District Attorney, *Tony H. Hight, Amber W. Anderson,* for appellee.