## 47241. BLAIR v. THE STATE.

PANNELL, Judge. The defendant was indicted and convicted of the charges of possession and sale of marijuana, in violation of *Code* § 79A-904 (c) prohibiting the possession of any depressant or stimulant drug in violation of *Code* § 79A-907 (c), and in the violation of *Code* § 79A-904 (b), which prohibits the sale of any depressant or stimulant drugs in violation of *Code* § 79A-904 (b). The acts were alleged to have occurred on October 6, 1970. *Code* § 79A-903 (b) (5) defines marijuana as a depressant or stimulant drug. General and special demurrers to the indictment were overruled, and upon the trial the defendant was convicted on both counts, the jury fixing punishment at 8 months on possession and 16 months on selling. The trial judge in his statement of sentence provided that the sentences should run consecutively. The defendant's motion for new trial was overruled and he appealed to this court, enumerating error on the overruling of the motion for new trial as amended, and on other grounds upon which error was enumerated. *Held:*

1. The general demurrers to the indictment charging in two counts the possession and the sale of marijuana is without merit. See *Gee v. State,* 225 Ga. 669, 672 (171 SE2d 291).

2. The special demurrers calling for the time of day, exact place and the county alleged, and for the exact type of marijuana in possession of the defendant, and the exact type sold by him are without merit. See *Pines v. State,* 15 Ga. App. 348 (83 SE 198); *Watson v. State,* 192 Ga. 679 (16 SE2d 426); *Glover v. State,* 126 Ga. 594 (55 SE 592).

3. One of the witnesses listed on the indictment was either not summoned by the State or was excused from attending by the State. The defendant on appeal contends that this action denied him his right of cross examination under *Code* § 38-1705. There is no merit in this conten-

tion. If the defendant had desired the attendance of the witness, he should have subpoenaed him.

4. The trial judge did not err in charging the jury to fix the punishment under *Code* § 79A-9915. The defendant's contention that the Act approved March 20, 1970 (Ga. L. 1970, pp. 470-472) reduced the alleged crimes to misdemeanors, and that *Code* § 26-104 providing that any conduct not made criminal by Title 26 of the Code or by any other statute of this State, *and for which punishment is not otherwise provided,* shall be punished as for a misdemeanor, applies here, is clearly without merit. Nor did the evidence bring the case under the provisions of *Code* § 79A-9917 which provides under certain conditions for punishment of one year or $1,000 fine, or both, where the possession is of one ounce or less, since the proof here shows the marijuana possessed was one and one-half to two ounces.

5. In view of the express provisions of *Code* § 79A-1105 that the State is not required to negative the exceptions contained in Title 79A, the enumeration of error complaining of the State's proof failing to do so is without merit.

6. An enumeration of error "that the court erred in imposing a sentence of more than 16 months," where defendant was convicted and sentenced by the jury to 8 months on one count and 16 months on another count in an indictment does not raise the question of the illegality of an alleged order of the court providing that the sentences run consecutively.

7. The evidence was sufficient to authorize the verdicts, and did not demand a finding the defendant was entrapped by the police officers; nor were the charges on entrapment error for any reason urged.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*

ARGUED JULY 6, 1972—DECIDED SEPTEMBER 5, 1972—
REHEARING DENIED SEPTEMBER 25, 1972—

*Benjamin Zeesman,* for appellant.
*D. E. Turk, District Attorney,* for appellee.

ARGUED MAY 25, 1972—DECIDED SEPTEMBER 6, 1972—
REHEARING DENIED SEPTEMBER 25, 1972—