A90A0627. SPAULDING v. THE STATE.
(394 SE2d 111)

DEEN, Presiding Judge.

Richard W. Spaulding brings this appeal from his conviction of DUI, contending that his conviction should be reversed because the State failed to preserve a videotape made at the arrest scene and because the evidence was insufficient to support the conviction.

1. Prior to trial, Spaulding's attorney filed an omnibus *Brady* mo-

tion and made an objection to the destruction of the videotape prior to the start of trial. He declined, however, the court's offer of a continuance.

He claims that the destruction of the videotape is a violation of his constitutional right to due process of law. We think not. "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U. S. __ (109 SC 333, 102 LE2d 281, 289) (1988). The only evidence about the disposition of the videotape was that of a police officer who testified that videotapes are kept for a certain period of time and then taped over. This evidence does not show that the police acted in bad faith in disposing of the videotape.

2. Two police officers who were present at the arrest scene testified that appellant smelled of intoxicants, was unsteady on his feet, and was argumentative; and opined that his condition made him a less safe driver. A third officer attempted to give him an intoximeter test, but Spaulding was unable to blow into it enough for the instrument to obtain a reading. This officer observed that he had an odor of alcohol about him, had bloodshot eyes, was unsteady on his feet, and had slurred speech. He was also of the opinion that appellant was intoxicated to the extent that he was a less safe driver.

Viewing the evidence presented at trial in the light most favorable to the prosecution, we find that the evidence was sufficient for a rational trier of fact to find Spaulding guilty beyond a reasonable doubt. *Driggers v. State*, 244 Ga. 160 (259 SE2d 133) (1979).

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Division 1 but have reservations regarding Division 2.

The error enumerated is the sufficiency of the evidence. The only particular element attacked on appeal is the alcohol influence evidence, which was adequate. There was scanty evidence, however, that the operation of the van was upon the place alleged in the Uniform Traffic Citation, i.e., "[u]pon the Public Highway and/or Street. . . ." This is a place covered in OCGA § 40-6-3. This location of the act had to be established in order for the act in this case to be a crime, *Dockery v. State*, 95 Ga. App. 486 (1) (98 SE2d 123) (1957) and *Jordan v. State*, 212 Ga. 337, 339 (92 SE2d 528) (1956), although place is no longer a material element of the offense, *Flanders v. State*, 97 Ga. App. 779, 780 (104 SE2d 538) (1958). See *Walker v. State*, 146 Ga. App. 237, 241-242 (1b) (246 SE2d 206) (1978).

One officer testified: "As I turned off the road, I observed a van

pulling out of the driveway at 1804 [Ball Street] with the headlights on . . . The van was pulling towards — it was in the driveway pulling towards Ball Street. As I turned off, it backed back into the driveway and turned the headlights off . . . [Defendant] wanted to argue with me that he was in a driveway after I told him he was under arrest. . . ."

The other officer testified: "We observed a van that was just pulling out of a driveway. It got about — almost into the street and backed back up and turned its lights off."

Defendant denied altogether that he drove "down the driveway" and "back[ed] back up." When the officers stopped their vehicle, the van was "probably halfway between" the house and the street, defendant said. He also testified that he asked the officers for an opportunity to get a witness before they took him to the station "[b]ecause I hadn't been on any public road or highway and especially intoxicated at all that day."

Defendant was not charged with driving while intoxicated in the driveway, although private property is constitutionally included. *Cook v. State*, 220 Ga. 463 (1) (139 SE2d 383) (1964).

There being direct albeit slight inferential proof that the operation of the van extended to and was on a public street as alleged, rather than only on private property, it was sufficient.

DECIDED APRIL 19, 1990.

*Hackel & Hackel, Thomas M. Hackel,* for appellant.
*Douglas L. Gibson, Solicitor,* for appellee.