## A01A1486. GIRAUDY v. THE STATE.
(555 SE2d 874)

RUFFIN, Judge.

A jury found Eduardo Giraudy guilty of two counts of trafficking in cocaine and two counts of selling cocaine.[1] On appeal, Giraudy asserts that his due process rights were violated by the State's destruction of certain audiotapes and the trial court's failure to properly instruct the jury on the use of similar transaction evidence. Giraudy also contends that the State failed to prove he committed the similar transaction. These assertions lack merit, and we affirm.

Construed to support the jury's verdict, the evidence demonstrates that, in the fall of 1997, a drug trafficking task force comprising federal, state, and local law enforcement officers was investigating Giraudy, who was suspected of trafficking in cocaine. The task force employed a confidential informant to make controlled buys of cocaine from Giraudy.

On October 17, 1997, Agent Walton Britt of the Atlanta Police Department met with the informant. Britt searched both the informant and his vehicle to ensure that he did not have any contraband. Britt gave the informant $14,000 to use for purchasing one pound of cocaine. The confidential informant then drove to Giraudy's auto repair shop, spoke with Giraudy, and asked to purchase a pound of cocaine. Giraudy indicated that he had the cocaine and placed a phone call, and he and a woman identified as Barbara Garcia drove away. Britt followed Giraudy to a house on Coronet Way. Garcia entered the house for a few minutes before returning to the car. Giraudy and Garcia subsequently drove back to the auto shop where they were joined by Pedro Maldonado, who gave the confidential informant a pound of cocaine.[2]

On November 4, 1997, Britt provided the confidential informant an additional $14,000 to purchase another pound of cocaine. The informant again drove to Giraudy's auto repair shop, spoke to Giraudy, and asked to buy a pound of cocaine. Giraudy then placed another telephone call. Approximately an hour and a half later, Mal-

---

[1] The trial court merged the convictions for selling cocaine with Giraudy's convictions for trafficking.

[2] Garcia and Maldonado were also charged with trafficking and selling cocaine, and Maldonado was tried jointly with Giraudy.

donado arrived with a pound of cocaine, which he gave to the informant in exchange for $14,000.

During the trial, Britt also testified regarding a similar transaction for which Giraudy had not been charged. According to Britt, on October 13, 1997, he provided the confidential informant $6,500 to purchase a quarter-kilogram of cocaine from Giraudy. Britt followed the informant to the auto repair shop. Britt did not, however, follow Giraudy when he left. Instead, he followed the informant. The informant subsequently returned to the auto repair shop, where he obtained what Britt described as "a clear ziplock plastic bag containing a white powdery substance which [he] suspected of being cocaine."

1. In his first enumeration of error, Giraudy argues that the State violated his due process rights by failing to provide tapes that were made of the drug transactions for which Giraudy was convicted. We disagree.

Agent Britt testified that, on October 17 and November 4, the confidential informant was wired with audio recording equipment that was supposed to tape the transactions. Evidently, there were difficulties with both tapes. According to Britt, the tape from October 17 was "inaudible. You listened, but you could not understand anything whatsoever." The tape from the November 4 transaction was similarly flawed. Britt testified that the recording was such that "[y]ou couldn't hear conversation to where you could identify anything or any wording. All you [could] do was just hear a lot of sound." Thus, the tapes were never turned in to the property room, and Britt stated that he did not know where the tapes were.

Contrary to Giraudy's contention, the State's failure to preserve these two tapes did not violate his constitutional right to due process. "The State has a constitutional obligation to preserve evidence that might be expected to play a significant role in the suspect's defense."[3] Accordingly, "the prosecution may be penalized [if] it loses or destroys evidence that could potentially have been helpful to the defense . . . if the defense shows that the evidence was material and [that] the State acted in bad faith in failing to preserve it."[4]

Here, Giraudy fails to show either that the evidence was material or that Britt acted in bad faith in failing to turn the tapes over. The record reveals that the tapes were inaudible. Thus, we fail to see how the tapes could have helped Giraudy's defense. Moreover, it was clear that Britt was disappointed that the recordings were not audible. Britt testified that he realized the tapes "could have been

---

[3] (Punctuation omitted.) *State v. Blackwell*, 245 Ga. App. 135, 137-138 (2) (b) (537 SE2d 457) (2000).

[4] *Penny v. State*, 248 Ga. App. 772, 774 (1) (547 SE2d 367) (2001).

extremely important at . . . trial." Under these circumstances, the record does not support Giraudy's assertion that Britt acted in bad faith.[5]

2. In his second enumeration of error, Giraudy asserts that the trial court violated his due process rights by failing to properly instruct the jury with regard to the October 13 similar transaction. Specifically, Giraudy maintains that the trial court failed to instruct jurors "on what standard of proof to use in deciding whether [he] committed the similar transaction." Although the Supreme Court has made clear that similar transactions must be proved by a preponderance of the evidence,[6] Giraudy urges this Court to conclude that due process requires that the State prove he committed the transaction beyond a reasonable doubt.

Pretermitting what standard should be used, Giraudy has waived any error. "In a criminal case, the trial court is not required to give an unrequested charge as to any collateral matter," and the standard of proof for a similar transaction is a collateral matter.[7] Here, Giraudy has not shown where he requested such charge, and our review of the record reveals no such request. It follows that the trial court was not required to instruct the jury regarding the appropriate standard of proving similar transaction evidence.[8]

3. In his third enumeration of error, Giraudy contends that his due process rights were violated by the State's failure to "sufficiently prove" that he committed the similar transaction. Giraudy argues that the State failed to prove the substance was, in fact, cocaine. Again, Giraudy fails to show that he objected to the admission of the evidence on this basis at trial, "and 'matters not objected to at trial cannot be raised for the first time on appeal.' "[9] Accordingly, Giraudy has waived this issue on appeal.

Even assuming Giraudy had preserved this error, it provides no basis for reversal. The jury heard testimony from Britt, several other agents involved in the operation, and the confidential informant inculpating Giraudy in the crimes for which he was convicted. In view of the overwhelming evidence of Giraudy's guilt, we find it highly unlikely that any error in admitting the similar transaction evidence contributed to Giraudy's conviction.[10]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

---

[5] See *Spaulding v. State*, 195 Ga. App. 420-421 (1) (394 SE2d 111) (1990) (no bad faith in destroying videotape); *Terrell v. State*, 271 Ga. 783, 787 (6) (523 SE2d 294) (1999) (no bad faith in destroying original notes after notes transcribed).

[6] *Freeman v. State*, 268 Ga. 185, 187-189 (4) (486 SE2d 348) (1997).

[7] Id. at 189 (4).

[8] See id.; see also *Bishop v. State*, 268 Ga. 286, 295 (16) (486 SE2d 887) (1997).

[9] *Roberts v. State*, 241 Ga. App. 259, 260 (2) (526 SE2d 597) (1999).

[10] See *Crosby v. State*, 240 Ga. App. 84, 85 (1) (522 SE2d 571) (1999).

DECIDED OCTOBER 31, 2001.

*Zell & Zell, Rodney S. Zell*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.