A04A1409. MARSHALL v. THE STATE.

(602 SE2d 227)

ELDRIDGE, Judge.

A Richmond County jury found Darren Marshall guilty of the burglary of the K&D Dry Cleaners on Laney Walker Boulevard in Augusta. He appeals, raising a challenge to both the sufficiency of the evidence and the introduction of similar transaction evidence. Finding no basis for reversal, we affirm.

1. Marshall first challenges the sufficiency of the evidence against him. In that regard, the evidence of record shows that a woman who had known Marshall for years testified at trial that she heard a burglar alarm go off at K&D Dry Cleaners; that she saw the window

of the cleaners had been broken out; and that she saw Marshall run inside, grab items of clothing, and run back outside. Immediately after the burglary, Marshall's Georgia Department of Corrections prison identification card was found on the floor inside the K&D Dry Cleaners. Blood was located at the point of entry into the dry cleaners, and Marshall was stopped twenty minutes after the burglary, two blocks away, bleeding from cuts on his hands and arm. A cassette player and items of clothing were taken from the cleaners during the burglary. Viewed to support the verdict, we find this evidence sufficient for a rational trier of fact to have found Marshall guilty beyond a reasonable doubt of the offense as charged.[1]

2. In his last claim of error, Marshall objects to the admission of evidence of two prior acts of burglary. However, "[t]he rule requiring that a party object at trial to similar transaction evidence is firm, and we are bound to follow it."[2] By failing to object at trial, Marshall waived this issue on appeal.[3]

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JULY 9, 2004.

*Mario A. Pacella*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] (Citation and punctuation omitted.) *Thompson v. State*, 262 Ga. App. 17, 19 (2) (585 SE2d 125) (2003); *Upshaw v. State*, 257 Ga. App. 199, 200 (2) (570 SE2d 640) (2002); *Giraudy v. State*, 252 Ga. App. 219, 221 (3) (555 SE2d 874) (2001).

[3] Following testimonial evidence about one of the prior acts of burglary, Marshall's subsequent objection to the introduction of a copy of his *plea and sentence* thereon does not preserve this claim for review, because "[i]t is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal." (Punctuation and footnote omitted.) *Caldwell v. State*, 247 Ga. App. 191, 199 (3) (b) (i) (542 SE2d 564) (2000).